## H. A. GRIMWOOD CO., JOHN W. HUNT, WILLIAM N. ROGERS, *vs.* CAPITOL HILL BLDG. AND CONST. CO.

### JUNE 16, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Bills of Exceptions.*

A bill of exceptions to the ruling of the Superior Court charging a garnishee, setting forth the reasons why it is claimed to be erroneous, and referring to the affidavits and answers of the garnishee for the statement of facts from which the conclusions are to be drawn, is a substantial compliance with the provisions of section 490 of the court and practice act.

(2)  *Garnishment.   Parties Aggrieved.   Bills of Exceptions.*

A garnishee when charged is to be regarded as a party to the proceeding, so as to entitle him to except to the ruling of the court charging him.

(3)  *Garnishment.*

In trustee process, as a plaintiff can have no greater right against the garnishee than the defendant would have, and can occupy no better position with respect to the garnishee than the defendant could in a suit brought by him against the garnishee, it follows that, where a contract between the defendant and the garnishee had not been fully performed by defendant at the time of attachment by plaintiff, the garnishee is not chargeable.

(4)  *Contracts.   Performance.   Garnishment.*

The question whether a contract has been substantially performed can only arise between the contracting parties, after work has ceased and performance of the contract is claimed; hence a creditor can not be permitted to decide as to performance and to attempt to recover by way of trustee process against one party while the other is still trying to perform and does not claim that his work is completed.

MECHANICS' LIENS.   Heard on exceptions of garnishee to ruling of Superior Court charging him as such, and on exceptions of certain plaintiffs to ruling of Superior Court discharging the garnishee in their respective cases.   Exceptions of garnishee and plaintiff Hunt sustained; exceptions of plaintiff Rogers overruled.

DUBOIS, J.   These cases, which involve the validity of attachments sought to be made, by trustee process, upon the balance alleged, by the plaintiffs, to be due from George E. Darling, the garnishee, to the defendants, under a building

contract, came to this court, and for convenience were heard together, upon exceptions to the rulings of the presiding justice of the Superior Court made in charging said George E. Darling as garnishee of the defendants in the first named case, and in discharging him in each of the other cases.  To the ruling of the justice in the first case the garnishee excepted, and the bill of exceptions therein was filed and is prosecuted by him while in the other cases the exceptions were taken and are prosecuted by the respective plaintiffs in those cases.

The first named plaintiff objects to the prosecution of the exceptions taken by the garnishee, on the ground that he was neither a party to the action in which the ruling was made, nor was he aggrieved thereby, and because the bill of exceptions does not comply with that portion of section 490 of the court and practice act which requires that "He shall file in the office of the clerk of the Superior Court his bill of exceptions, in which he shall state separately and clearly the exceptions relied upon."

The bill of exceptions is of the tenor following:

"State of Rhode Island.                    Superior Court.
    "H. A. Grimwood Co.,

          *vs.*                         No.
"Capitol Hill Building &
      Construction Co.

"Bill of Exceptions.

"Now, after final judgment in above case, and after decision of the court charging the garnishee for $600.27, the garnishee, George E. Darling, files his bill of exceptions, and for cause of exceptions shows:

"1st.  That the decision of the court in charging said garnishee is erroneous and contrary to law on the facts set forth in the answers to interrogatories and affidavits made by him, the said George E. Darling, and duly filed in court, in that no right of action existed in favor of the said defendants, or either of them, against the said garnishee at the time of said attachments.

"2nd. That the decision of the court in charging the said garnishee is erroneous and contrary to law on the facts set forth in the affidavits and interrogatories made by said garnishee, and duly filed in court, in that no right of action existed in favor of the said defendants, or either of them, against the said garnishee at the time of said attachments, as to the sum finally found in the hands and possession of the said garnishee (after deducting the several amounts due from the said defendants to said garnishee), namely: $600.27.

"3rd. That the decision of the court in charging the garnishee is against the evidence as set forth in the affidavits and answers to interrogatories filed by the said garnishee.

"Wherefore the said George E. Darling prays that said decision be reversed and that he be discharged.

"GEORGE E. DARLING.

"*By his Attorney,* TERRENCE M. O'REILLY."

And it bears the following endorsement:

"At the hearing on plaintiff's motion to charge the garnishee, the court granted the motion and charged the garnishee for the sum of $600.27. To this ruling the garnishee excepted. The above as a statement of exception is allowed.

"WILLIAM H. SWEETLAND,

"*P. J. Sup'r. Ct.*"

The bill of exceptions, as allowed, substantially complies with the foregoing provision. The exception relied upon is an exception to the ruling or decision charging the garnishee, setting forth the reasons why it is claimed to be erroneous, and referring to the affidavits and answers of the garnishee for the statement of facts from which the conclusions are to be drawn.

That an exception lies, in favor of a garnishee, to the ruling of a court charging him as such, has been settled by the practice of the court. See *Wightman* v. *Kruger,* 23 R. I. 78; *Grieves* v. *Keane, Ibid.* 136. It is true that a distinction has apparently been made by the legislature between the words "party" and "garnishee" as may be seen by comparing sections 471, 472, with section 481 of the court and practice act; but as sec-

tions 471 and 472 aforesaid are revisions of Gen. Laws R. I. cap. 251, § 2, in which the words "party" or "garnishee" are used in the same connection and with the same distinction, when compared with Gen. Laws cap. 250, § 12, it is fair to presume that those words were continued in the revision in preference to others that had not received judicial construction.

A charged garnishee may therefore be regarded as a party to the proceeding. And if he has been erroneously charged as garnishee he certainly has been aggrieved.

Service of the original writ, in the case of H. A. Grimwood Company against the defendants, was made upon the garnishee July 14, 1904, and on September 3rd of the same year its writ of mesne process was served upon him for the purpose of attaching the personal estate of the defendants in his hands and possession. It is not now claimed that anything was attached by the first service, and the latter is the only attachment relied upon by the plaintiff.

(3)   The garnishee filed four affidavits, dated, respectively, July 15 and September 27, 1904, and October 11 and 27, 1905, and his answers to the plaintiff's interrogatories, October 18 and 26, 1904.

The correctness of the ruling of the presiding justice depends upon the state of facts disclosed by the garnishee in his affidavits and answers to interrogatories relating thereto.

It appears therefrom that, at the time of the service of the copies of said writs upon the said garnishee, there was none of the personal estate of either of said defendants in his hands or possession, directly or indirectly, unless by virtue of a certain written contract existing between them dated February 9, 1904, whereby the defendants agreed to build him a house for the sum of $3,400, payable in three installments: one thousand dollars when said house is boarded; fourteen hundred dollars when it is plastered; and the balance when said house is finished. That the contract bears the following endorsement:

"PROVIDENCE, R. I., May 19, 1904.

"I hereby waive the payment of fourteen hundred dollars as the second payment on the within contract and agree to

accept twelve hundred dollars as said payment, same to be paid after house is plastered and the furnace installed. All liens to be released.

"F. C. BARTLETT,
"GEORGE E. DARLING."

That on the same day the following order was presented to the garnishee:

"PROVIDENCE, R. I. May 19, 1904.

*"To George E. Darling, Providence, R. I.*

"DEAR SIR: Please pay to Eugene F. Hazard, or order, the sum of ($1,000) one thousand dollars and deduct the same from the last payment due us under our contract with you.

"CAPITOL HILL BLD'G. CO.,
"F. C. BARTLETT, *Man.*

That he accepted the same as follows:

"I hereby accept the above order, agreeing to pay the above amount from the last payment under my contract upon completion of the work called for in said contract and all liens released."

That said garnishee has made the first and second payments, under said contract, to the defendants. That the last payment thereunder, amounting to $1,200, and $20 for extras, was not due September 3, 1904, because said contract had not then been fully completed. That when the same becomes due it is subject to a set-off for money paid by the garnishee for material and labor furnished by him upon the contract upon written order of the defendants, and to his claim for damages for the delay of defendants in completing the contract, and also to the total amount of mechanics' liens placed upon the property. That the contract was not completed until September 12, 1904, when it was conditionally accepted in writing, as follows:

"PROVIDENCE, R. I., U. S. A., Sept. 12th, 1904.

"F. C. BARTLETT, *Manager, Capitol Hill Building & Construction Co.*

"DEAR SIR: The painter has finished at the house and I have had the gutters put on. I had an expert examine the parlor floor and he says it is all right and safe as it is so I will

accept the house as it stands and am ready to settle at once for whatever is due if you will get the liens taken off.

"Yours truly,

GEORGE E. DARLING."

The liens referred to were paid off and released January 14, 1905.

The garnishee thus states his final account:

| . "Amount of last payment | $1,200 | 00 |
|---|---|---|
| Amount for extras | 20 | 00 |
| | $1,220 | 00 |
| "For delay in the completion of the house | $60 | 00 |
| Paid for paper | 35 | 87 |
| Paid express on same | | 65 |
| Paid for hanging paper | 26 | 55 |
| Paid for 2 plate rails | 16 | 81 |
| Paid water bill | 1 | 44 |
| Paid for gutters | 33 | 10 |
| Paid lien of J. W. Hunt | 152 | 50 |
| Paid lien of W. N. Rogers | 148 | 38 |
| Paid lien of George Aubin | 144 | 43 |
| | $619 | 73 |
| "Amount now in my hands | $600 | 27" |

The garnishee, in his answers to the interrogatories of the plaintiff, explained what work, required by the contract, remained undone September 3, 1904, that was afterwards performed, and when and by whom it was done; denied that any agreement or understanding was entered into by him with the other plaintiffs, Hunt or Rogers, or their attorney, to withhold acceptance of the contract until they could attach the last payment thereunder in priority to any attachment which might be made by H. A. Grimwood Company; gave copies of the contract and specifications for the construction of the house referred to and of the orders in writing upon which he furnished labor and materials, which he claimed should be deducted from

the last payment due under said contract; and explained the circumstances in which he gave notice of his acceptance of the house under the contract.

Upon this state of facts on the eighteenth day of November, 1905, the presiding justice charged the garnishee for the sum of $600.27 and allowed him $10 for expenses. By the provisions of Gen. Laws cap. 254, § 25, and of section 591 of the court and practice act: "The answer sworn to by a trustee shall be considered true in deciding how far such trustee is chargeable; but either party to the suit, or any claimant of the estate so attached, may allege and prove any facts, not stated nor denied by said trustee, that may be material in so deciding." And under Gen. Laws, *Ibid.*, § 19: "Any person summoned as trustee of a defendant making a false answer or affidavit in any case, shall be liable to the plaintiff in an action of the case for any damages which may result to him from such false answer or affidavit." This section became section 585 of the court and practice act, but was made redundant by the addition of the word "thereby" between the words "him" and "from" in the last line of said section 19.

The claim of the plaintiff is: "That the garnishee should be charged upon the writ of mesne process served September 3, 1904, because the contractors, having attempted in good faith to complete said contract, might at that time have sued the garnishee, either for the balance of the contract price or upon *quantum meruit.*"

The rule that governs the right of attachment by trustee process is that the plaintiff can have no greater right against the garnishee than the defendant would have and can occupy no better position with respect to the garnishee than the defendant could in a suit brought by him against the garnishee. *Brown v. Collins*, 18 R. I. 242; *Waldron v. Wilcox*, 13 *Ibid.* 518; *Carpenter v. Gay*, 12 *Ibid.* 306; *Smith v. Millett*, 11 *Ibid.* 528. In the case at bar no facts were alleged or proved other than those stated by the garnishee in his affidavits and sworn answers, which, under the statutes hereinbefore referred to, must be considered to be true in determining his liability. In them he states that the contract was not completed on September 3,

1904, the time of the plaintiff's attachment, and there is no (4) evidence that the defendants claimed that it was. But the plaintiff contends that if the contract was substantially completed the contractor may recover in an action on the contract, notwithstanding slight and trivial defects in performance, for which compensation may be made by allowance to the owner. There is no doubt of the soundness of the proposition in cases in which there has been an honest intention to conform to the contract and a substantial execution of it, with comparatively unimportant deviations; see *Carpenter* v. *Gay*, *supra*.

The question whether a contract has been substantially performed or not can only arise, between the contractor and owner, after the former has ceased to work and has claimed that his contract has been completed. But this does not authorize a creditor of the contractor to ascertain and determine for him the time when his work has been substantially completed and then to bring suit for him, by way of trustee process, while the contractor is honestly trying to perform his contract and is not claiming that his work is done. Such interference is not to be tolerated.

Moreover, although in the original contract there was no provision relating to the release of liens, the same was modified by the endorsement on the contract and the acceptance of the order hereinbefore set out. In both of these the provision was inserted that all liens were to be released. This therefore became a condition precedent to the right of the defendants, or either of them, to recover the balance that might be found to be due upon completion of the contract. *B. & O. R. R. Co.* v. *McCullough & Co.*, 12 Gratt. (Va.) 595; *Turner* v. *Wells*, 64 N. J. L. 269; *Titus* v. *Gunn*, 69 N. J. L. 410; *Leverone* v. *Arancio*, 179 Mass. 439.

As the contract was not completed, and the house contracted for was subject to mechanics' liens, at the time of the plaintiff's last attachment, the garnishee was not chargeable and the court erred in so charging him; therefore the exception of the garnishee to such ruling of the court must be sustained.

The other question that remains to be answered is: Which

of the attachments made in the cases of John W. Hunt and William N. Rogers, respectively, against the defendants is entitled to priority?

On the twelfth day of September, 1904, attachments in the cases of said Rogers and Hunt were made, that by the former at 10:25 o'clock, A. M., and that by the latter five minutes later. Further attachments were made by them upon writs of mesne process on January 14, 1905; that of said Hunt taking effect at 10:20 o'clock A. M., and that of said Rogers one hour and five minutes later.

On the seventh day of July, 1905, judgment was entered for said Hunt against the defendants for $608.96 debt, and on the same day judgment was entered for said Rogers against the defendants for $187.38 debt; and on the eighteenth day of November, 1905, the garnishee was discharged in each of said cases and exceptions were taken by the plaintiffs, respectively, as hereinbefore set forth.

While the house was conditionally accepted by George E. Darling, the garnishee, on September 12th, 1904, the liens thereon were not actually released until January 14th, 1905, immediately prior to the service, on the same day, of the writ of John W. Hunt, above referred to, which, consequently, was the first valid attachment of the fund, belonging to the defendants, in the hands of the garnishee. As the amount of Hunt's judgment exceeds the balance due from the garnishee to the defendants, his attachment covered the entire amount in the possession of the trustee and left nothing upon which the attachment of William N. Rogers could operate.

It follows that the exception of said Hunt to the decision of said presiding justice, in discharging the trustee, must be sustained, and that the exception of said Rogers to the like ruling in his case must be overruled.

Cases remanded to the Superior Court for further proceedings in accordance herewith.

*George H. Huddy, Jr.*, for H. A. Grimwood Co., and for defendants in Ex. 3666 and 3667.

*Terrence M. O'Reilly*, for garnishee, and plaintiffs Hunt and Rogers.