ERNEST BACON and Another v. G. A. FELTHOUS and Another.[1]

February 21, 1908.

Nos. 15,374—(112).

**Garnishment.**

The service of a summons in garnishment proceedings does not change the rights of the parties, further than to transfer the right of the principal defendant to proceed against the garnishee for the collection of the debt.

**Right of Attaching Creditor.**

The attaching creditor occupies no better position with respect to the garnishee than would the defendant in a suit by him against the garnishee.

**Same—Payments under Written Contract.**

Where a contract provides for the payment of money in instalments; and that it shall by the debtor be deposited in a designated bank in the name of the creditor, but not subject to be withdrawn by him except by check payable to a named third party, from whom the creditor is to obtain.

[1] Reported in 115 N. W. 205.

a deed to certain lands, which shall run to and be for the benefit of the creditor, and be delivered when all the instalments are paid, the debt created by the contract is not subject to garnishment by a general creditor of the debtor named in the contract.

**Liability of Garnishee.**

The garnishee can be required to pay only in the manner provided by the contract which creates his liability.

In an action in the district court for Ramsey county against C. B. Towers, J. A. Felthous and J. C. Felthous were summoned in garnishment proceedings. From an order, William Louis Kelly, J., discharging the garnishees, plaintiffs appealed. Affirmed.

The appellants, partners as the Bacon-Filkins Land Company, as residents of Minnesota, brought an action against Towers, a citizen and resident of Montana, upon whom personal service within the state was not obtained, and garnished Felthous, a citizen and resident of Minnesota, to attach money claimed to be owing by Felthous and his partner to Towers under and by virtue of the following contract:

"This agreement, made and entered into the 5th day of March, A. D. 1907, by and between C. B. Towers, of Miles City, Custer county, Montana, the party of the first part, and J. A. Felthous and J. C. Felthous, of St. Paul, in the state of Minnesota, the parties of the second part, witnesseth:

"That whereas, the party of the first part now has, owns, and controls an option for the purchase of certain real estate owned by George W. Burt, of Terry, Custer county, Montana, together with all the fixed improvements thereon, and the water, water rights, irrigating ditches, dams, flumes, and reservoirs appurtenant thereto, which said lands are hereafter in this agreement more particularly described; and

"Whereas, the said party of the first part has and possesses full power and authority to sell and to make a contract for the sale of said lands to any persons whatsoever able to and willing to purchase the same; and

"Whereas, the said parties of the second part assert themselves to be able to purchase, and are desirous of purchasing, said lands, for the consideration and upon the conditions hereinafter expressed:

"Now, therefore, in consideration of the premises and of the sum

of one hundred ninety thousand and sixty ($190,060.00) dollars, to be paid as hereinafter set forth, the said party of the first part has sold and agrees to cause to be conveyed, by good and sufficient conveyance, to the parties of the second part, who have purchased and agree to pay said sum therefor, the following described real estate, consisting of approximately fifty-eight thousand four hundred and eighty (58,480) acres, situate and being in the county of Custer, state of Montana: [Here follows particular description of the land.] Which said purchase price the said parties of the second part agree to pay in the manner following, that is to say:"

| | |
|---|---:|
| On delivery of contract, cash | $ 10,000 |
| On April 1, 1907 (with interest added from March 5) | 19,240 |
| On May 1, 1907 (with interest added from March 5) | 14,620 |
| On June 1, 1907 (with interest added from March 5) | 14,620 |
| | $ 58,480 |

The balance of said purchase price, $131,580, to be paid in notes of said parties of the second part, aggregating said sum, which said notes shall be dated on said date (June 1) and payable on or before five years to George W. Burt, * * * and to be secured by mortgage, etc.......... $131,580

$190,060

"Upon the payment at the First National Bank of Miles City, Montana, by the said parties of the second part, upon June 1, 1907, of the payment then due, if all the payments previously due have been paid, and upon the execution and delivery at said bank of said notes and mortgage in manner and form satisfactory to the said party of the first part, the said parties of the second part, their heirs or assigns, shall be entitled to receive, and shall receive, from the said George W. Burt and wife, a good and sufficient deed to said lands and premises, which shall convey good, clear, and absolute title, save and except as to the coal and mineral reservations contained in the contracts of the Northern Pacific Railway Company under which said lands are now held by said Burt, and the lands so conveyed shall be subject to the lien of said mortgage. * * *

"It is specially understood and agreed that the moneys hereinabove provided to be paid, up to and including the payment due June 1st, shall be specially deposited in the First National Bank of Miles City, Montana, to the credit of C. B. Towers, but not subject to check or withdrawal by him (unless to George W. Burt) until the said parties of the second part have failed in the performance of some substantial condition of this contract, or until said contract is perfected by delivery of deed and mortgage as hereinabove provided, or until said money is paid over to George W. Burt; it being the intention by this stipulation to protect the said parties of the second part from any improper diversion of said funds. It is understood and agreed that all the payments herein provided to be made, up to and including June 1st, shall be retained by said Towers in case of the failure of said parties of the second part to complete this contract, in liquidation, or part liquidation, as the case may be, of any damages he may sustain by reason of such failure of performance. * * * "

"This contract, and all the terms, conditions, and stipulations thereof, shall inure to and bind the heirs and assigns of the respective parties."

The garnishment summons was served on March 23, 1907, and thereafter, on April 1, 1907, the garnishees paid $20,000 pursuant to the contract into the First National Bank of Miles City, Montana. The disclosure of the garnishees was taken, from which it appeared that the garnishees were not then indebted to Towers, unless by virtue of the aforesaid contract. Upon motion duly made the trial court made an order discharging the garnishees, and from that order the plaintiff appealed.

*Harris Richardson* and *Harold C. Kerr,* for appellants.
*O'Brien & Stone* and *H. W. Volk,* for respondent.

ELLIOTT, J. (after stating the facts as above).

The trial court properly discharged the garnishees. The process of garnishment does not change the rights of the parties, further than to transfer to the creditor the right of the defendant to proceed against the garnishee for the collection of the debt due the principal defendant. The attaching creditor can acquire no greater rights against the garnishee than had the principal debtor, and can occupy

no better position with respect to the garnishee than could the principal defendant in a suit by him against the garnishee. Grimwood v. Capitol (R. I.) 65 Atl. 304; Allen v. Ætna Life Ins. Co., 145 Fed. 881, 76 C. C. A. 265, 7 L. R. A. (N. S.) 958; Myer v. Liverpool, 40 Md. 595; Goodwin v. Claytor, 137 N. C. 224, 49 S. E. 173, 67 L. R. A. 209, 107 Am. St. 479; Shinn, Attach. & Garn. § 487; Drake, Attach. (6th Ed.) § 458. The attaching creditor cannot compel the garnishee to perform his contract with the principal debtor in a manner otherwise than as provided by the contract.

It may be conceded that the garnishees under this contract were indebted to the defendant Towers. But the manner in which such indebtedness was to be discharged in the future was carefully limited and defined for the purpose as expressed therein—"to protect said parties of the second part [the garnishees] from any improper diversion of said funds." The money was to be paid under conditions which insured its reaching Burt, the person from whom Towers was to have the land conveyed to the respondents. Unless Burt received this money there was no assurance that the garnishees would ever receive the land for which they were paying. The payment to Towers would have created no liability to respondents on the part of Burt, who was not a party to the contract. In order to avoid the possible misapplication of this money by Towers, the contract protects the garnishees by providing that the money shall be deposited in the First National Bank of Miles City to the credit of Towers, but not subject to withdrawal therefrom by him, except by check payable to Burt. As long as the respondents complied with the terms of the contract Towers could not obtain the money. He could only transfer it from the custody of the bank to Burt. At the time of the service of the garnishment summons the respondent was not in default, and Towers had acquired no right under the contract to receive the money. The payment by the respondent to the appellants would prevent the money from reaching Burt, and thus prejudice the rights of the respondents under the contract, by subjecting them to the risk of being required to pay the money again in order to secure a deed to the land. Towers could only call upon the respondents to pay the instalments as they fell due into the First National Bank of Miles City under clearly defined limitations. He was entitled to the money in no other way and

for no other purpose, and his creditors merely stand in his shoes and assert his contract rights.

As this disposes of the case, and requires an affirmance of the order of the trial court, it is unnecessary to consider the other questions which have been discussed by counsel.

Order affirmed.