SEVERIN GUDBRANDSEN v. HENRY PELTO.
TRAVELERS INSURANCE COMPANY, GARNISHEE.[1]

July 14, 1939.

No. 32,038.

See 199 Minn. 220, 271 N. W. 465.

*Lewis, Grannis & Underhill,* for appellant.

*Holmes, Mayall, Reavill & Neimeyer,* for garnishee-respondent.

PETERSON, JUSTICE.

This is an appeal from an order denying plaintiff leave to file a supplemental complaint in garnishment. Plaintiff recovered a judgment, which we affirmed in 199 Minn. 220, 271 N. W. 465, where the facts are fully stated. He then commenced this garnishment proceeding seeking to charge the garnishee as insurer of defendant against liability for the acts resulting in the judgment liability. Defendant was employed by the Zenith Trucking Company driving a truck used for hauling coal for the Carnegie Coal Company. The

[1]Reported in 287 N. W. 116.

garnishee issued to the trucking company an insurance policy indemnifying it against liability resulting from the operation of the truck, which contained an omnibus clause extending the insurance to any person using the truck with the named insured's consent, and which, as amended by a rider, limited the coverage to use "during the policy period for commercial purposes only in hauling coal for the Carnegie Coal Company."

There were two garnishment disclosures. At the first disclosure the contents of the insurance policy were not proved. The garnishee denied liability, and plaintiff made a motion for leave to file a supplemental complaint in garnishment, which was denied upon the grounds that plaintiff had failed to show, as required by statute, probable cause to believe that the garnishee was liable. The court ordered a second disclosure, at which the policy was proved and the entire record in the main action, including a transcript of all the evidence, was made a part of the disclosure.

The testimony of both plaintiff and defendant in the main action was contained in the transcript. They testified in effect that plaintiff, after he was through work for the day, accompanied defendant in making his last delivery; that after making the delivery they returned to the trucking company's garage, where it was defendant's duty to leave the truck, and that they then left again with the truck on a purely personal pleasure trip which had nothing to do with coal hauling.

It appeared that the garnishee represented and defended the defendant in the main action under a reservation of rights. No claim was made in the lower court that it was liable because it conducted such defense.

After the second disclosure plaintiff moved for leave to renew the motion to serve the supplemental complaint in garnishment. Leave to renew the motion was granted, but the motion was denied principally on the grounds of lack of diligence in applying for leave to renew it. The issues here relate to the alleged lack of diligence and the sufficiency of the showing that the garnishee was probably liable under the policy.

■ A party may institute garnishment proceedings and carry them through the disclosure without leave of court. All proceedings subsequent to the disclosure are under the control of the court. If the garnishee denies liability at the disclosure, the exclusive mode of traversing his denial is by the filing of a supplemental complaint. 2 Mason Minn. St. 1927, § 9367, provides: "* * * where the garnishee, upon full disclosure, denies his liability as such, the plaintiff may move the court * * * for leave to file a supplemental complaint making the latter a party to the action, and setting forth the facts upon which he claims to charge him; and, if probable cause is shown, such motion shall be granted." The effect of the statute, where the garnishee denies liability, is that there shall be no proceedings subsequent to the disclosure to charge the garnishee except by leave of court obtained upon a showing that there is probable cause that the garnishee is liable as such. The party seeking leave to file the supplemental complaint must make such probable cause appear. It is not sufficient that he believes that probable cause exists. Mahoney v. McLean, 28 Minn. 63, 9 N. W. 76. The purpose of the supplemental complaint is to traverse the disclosure and carry the pending garnishment forward to trial and judgment. Gilloley v. Sampson, 203 Minn. 233, 281 N. W. 3.

The statute does not define "probable cause," but for present purposes it is sufficient to say that the term is used as meaning some showing by evidence which fairly and reasonably tends to show the existence of the facts alleged. The term is employed with this meaning in the statute requiring a committing magistrate to hold the accused to answer if probable cause be shown that the accused committed the offense charged, In re Snell, 31 Minn. 110, 16 N. W. 692; and in determining the existence of probable cause for the institution of a prosecution in an action for malicious prosecution, Smith v. Munch, 65 Minn. 256, 68 N. W. 19; and of an arrest in an action for false imprisonment, Nelson v. Halvorson, 117 Minn. 255, 135 N. W. 818, Ann. Cas. 1913D, 104. It has that meaning also in actions for maliciously prosecuting an attachment. Freymark v. McKinney Bread Co. 55 Mo. App. 435.

The question whether probable cause has been shown depends on whether the evidence shows probable grounds for believing that the garnishee might be held liable under the policy involved here.

■ Whether a given risk is covered by insurance is determined by the terms of the policy. The insurer is not liable unless the risk is within the policy coverage. Giacomo v. State Farm Mut. Auto. Ins. Co. 203 Minn. 185, 280 N. W. 653. The so-called omnibus clause extends the insurance coverage to any person while using the automobile with the consent of the named insured. Schultz v. Krosch, 204 Minn. 585, 284 N. W. 782. Such an extension of coverage does not enlarge the insurance coverage as defined in the policy. It merely causes the insurance to cover persons other than the named insured within the limits of the policy coverage. Where a policy definitely limits the insurer's liability to a designated use of the insured's automobile, the insurance does not cover other uses. Clarno v. Gamble-Robinson Co. 190 Minn. 256, 251 N. W. 268; Williams v. American Auto. Ins. Co. (5 Cir.) 44 F. (2d) 704; Davis v. California Highway Ind. Exch. 118 Cal. App. 403, 5 P. (2d) 447; Heritier v. Century Ind. Co. 109 N. J. L. 313, 162 A. 573; Stammer v. Kitzmiller, 226 Wis. 348, 276 N. W. 629; Hardware Mut. Cas. Co. v. Milwaukee Auto. Ins. Co. 229 Wis. 215, 282 N. W. 27; 6 Blashfield, Cyc. of Auto. Law & Pr. § 3971. In Johnston v. New Amsterdam Cas. Co. 200 N. C. 763, 158 S. E. 473, the policy coverage limited to a wholesale and retail tea, coffee, and sugar business of the insured was held not to be extended by the omnibus clause to cover an employe of the insured using the car after business hours for purposes exclusively his own and not related to the insured's business. This case distinguishes our decision in Peterson v. Maloney, 181 Minn. 437, 232 N. W. 790.

The garnishee insured the trucking company against the risks incident to hauling coal for the Carnegie Coal Company, but not against the risks incident to defendant's use of the automobile for his pleasure purposes after working hours.

The disclosure affirmatively shows that the truck was not being used at the time plaintiff was injured for a purpose covered by the policy. The testimony of plaintiff and defendant on the trial of the

main action, received as part of the disclosure, was to the effect that when they returned to the Zenith company's yard the day's work was done and that they then started on a trip, not to haul coal for the Carnegie Coal Company, but solely for the purpose of personal pleasure. Furthermore, defendant testified that it was his duty to leave the truck and not take it out again. Whether the consent to use the truck in the first instance would comprehend such use in violation of instructions after working hours is not important. Such permission, if given, could not extend the policy to cover uses of the automobile not within the policy coverage.

No claim is made that there would be a different showing upon the trial of the issues made by the supplemental complaint. There is no suggestion that the testimony of plaintiff and defendant was erroneous or mistaken. In that situation there was no probable cause to believe the garnishee was liable. That being so, the garnishee is entitled to an affirmance, and it is not necessary to discuss the question of lack of diligence in applying for leave to file the supplemental complaint.

Affirmed.

Mr. Justice Hilton, being incapacitated by illness, took no part.