A. C. GILBERT v. PIONEER NATIONAL BANK OF DULUTH.[1]

November 3, 1939.

No. 32,142.

214

*Roderick Dunn,* for appellant.
*Royal G. Bouschor,* for respondent.

PETERSON, JUSTICE.

One Paquin submitted a bid to sell coal to the city of Duluth. The bid was accompanied by Paquin's check for $1,500 payable to the city of Duluth, which was in lieu of bond as security for making and executing a contract if his bid were accepted. The defendant, having first taken security from Paquin, certified the check under an agreement that Paquin was to deposit the check as security for his bid, and, if his bid were rejected, to return and surrender the check to it, whereupon the bank was to cancel and release the security. The city rejected Paquin's bid and held the check subject to his order. Ten days were to elapse between the opening and awarding or rejection of bids. During this period the Pittsburgh Coal Company, a judgment creditor of Paquin, garnished the check. Plaintiff was appointed receiver of the check in the garnishment proceedings and brings this action as such receiver.

The court below permitted defendant to show the contract between it and Paquin relative to the use to be made of the check. It held that the check was certified and deposited under the special contract between the defendant and Paquin, that Paquin had no right to the check, and that plaintiff, standing in the shoes of Paquin's judgment creditor, acquired by the garnishment proceedings no different or greater right than Paquin had. Judgment was ordered for defendant.

The question for our consideration is whether plaintiff's right to the check is subject to the defendant's right under the contract with Paquin. Here, as below, plaintiff contends that (1) the bank by certification of the check became liable to any holder for the face amount of the check; (2) plaintiff acquired the right of a holder in due course by the garnishment; and (3) parol evidence was not admissible to show delivery of the check to Paquin under the contract for the mentioned purpose and to return and surrender it, if his bid were rejected.

■ As between the immediate parties and as regards a remote party other than a holder in due course, delivery of a negotiable instrument may be for a special purpose only and not for the purpose of transferring the property in the instrument. 2 Mason Minn. St. 1927, § 7059 (N. I. L. § 16). Where the delivery is for a special purpose only, the taking of security by a party liable on the instrument does not change the nature or effect of the transaction. Grisim v. Live Stock State Bank, 167 Minn. 93, 208 N. W. 805. Since a certified check is in effect an accepted bill of exchange, 2 Mason Minn. St. 1927, § 7230 (N. I. L. § 187); Standard Oil Co. v. Veigel, 174 Minn. 500, 219 N. W. 863, it may be delivered for a special purpose under the rule.

Plaintiff claims as a holder in due course and cites and relies on National Mechanics Bank v. Schmelz Nat. Bank, 136 Va. 33, 116 S. E. 380, and similar cases holding that a holder in due course of a certified check takes free from defenses as between the certifying bank and other immediate parties. But plaintiff was not a holder in due course, and the rule relied on does not help him. Whatever rights plaintiff had to the check were acquired in the garnishment proceeding.

■ Garnishment attaches and binds the property and money in the hands or under the control of the garnishee belonging to the defendant, and all indebtedness owing by him to the defendant at the date of the service of the garnishment summons, to respond to final judgment in the action. 2 Mason Minn. St. 1927, § 9359. The plaintiff can assert only the right of the defendant against the garnishee, Gilloley v. Sampson, 203 Minn. 233, 281 N. W. 3.

As between the debtor and the garnishee, the garnishment does not change the rights of the parties, except that it transfers to the attaching creditor the right to proceed against the garnishee for the collection of the debt. The attaching creditor acquires by the garnishment the same, but no greater, right, than the debtor has against the garnishee. Bacon v. Felthous, 103 Minn. 387, 115 N. W. 205; Midland Loan Finance Co. v. Kisor, 206 Minn. 134, 287 N. W. 869.

Paquin had no right to the check against defendant because of the contract under which the check was delivered. Plaintiff acquired no right against the bank by the garnishment, because there was none, Paquin being without any, to be acquired. Nor did the garnishment enlarge plaintiff's right to those of a holder in due course.

■ Parol evidence was admissible to show that the check was certified for purposes of and subject to the contract between defendant and Paquin. Grisim v. Live Stock State Bank, 167 Minn. 93, 208 N. W. 805; 1 Dunnell, Minn. Dig. (2 ed.) § 977.

Defendant was not liable to Paquin on the check, nor was it liable to plaintiff standing in his shoes.

Affirmed.

[1]Reported in 288 N. W. 155.