**POOR RICHARDS, INC., Judgment Creditor, Appellant,**

v.

**CHAS. OLSON & SONS & WHEEL SERVICE COMPANY, INC., Judgment Debtor,**

and

**Canadian Universal Insurance Company, Ltd., Garnishee, Fireman's Fund Insurance Company, Garnishee, Respondents.**

No. C9–85–1604.

Court of Appeals of Minnesota.

Jan. 21, 1986.

Thomas Laughlin, Richard Glassman, Nilva and Frisch, P.A., St. Paul, for appellant.

James Lilly, pro se.

Lawrence M. Rocheford, John M. Kennedy, Jr., Jardine, Logan & O'Brien, St. Paul, for Canadian Universal Ins. Co., Ltd.

Dan K. Prochnow, Robert R. Drevlow & Assoc., Golden Valley, for Fireman's Fund Ins. Co.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and HUSPENI, JJ.

## OPINION

LESLIE, Judge.

Judgment creditor moved to file a supplemental garnishment complaint against respondents, alleging that respondents had issued to judgment creditor insurance policies that provided coverage for appellant's claim. The trial court denied the motion, holding that appellant had failed to establish probable cause. We affirm.

## FACTS

In November 1977, appellant Poor Richards, Inc. purchased two garbage trucks from judgment debtor Chas. Olson & Sons and Wheel Service Company, Inc. (Olson & Sons). In June 1978, Poor Richards began experiencing problems with the trucks. Olson & Sons assured them that the vehicles would be repaired. They were not, and in February 1980 Poor Richards revoked the contract, offered to return the trucks, and demanded a return of their purchase price plus damages for incidental costs.

Poor Richards brought suit against Olson & Sons, alleging breach of warranties and negligence. Olson & Sons tendered defense of the matter to respondents, Canadian Universal Insurance Company and Fireman's Fund Insurance Company. Both companies refused to defend the matter,

claiming the matter was not covered by their insurance policies. Olson & Sons was nearing bankruptcy. It did not pursue its possible actions against respondents, nor did it vigorously defend the action started by Poor Richards. After Olson & Sons failed to respond to Poor Richard's requests for admission, summary judgment was entered against it. It appears that Olson & Sons has liquidated and the only remaining assets are insurance policies issued by respondents.

In May 1985, Poor Richards served respondents with a garnishment summons, alleging respondents were responsible for the unpaid judgment of $250,000. Canadian Universal filed a garnishment disclosure form, stating that it does not provide nor owe any insurance coverage to Olson & Sons for Poor Richard's claims. Fireman's Fund also filed a garnishment disclosure form, which stated that it did have a $250,000 insurance policy, but it denied liability because the loss was not covered under this policy.

Poor Richards moved for leave to file a supplemental complaint to add respondents as parties to the action pursuant to Minn. Stat. § 571.51 (1984). The trial court denied appellant's motion. In its memorandum, the court stated that appellant could file a supplemental complaint only if there was probable cause to believe that the respondents were liable for the debt. The court then stated that the insurance policies appeared to exclude damages resulting from breach of warranty or from negligence in the quality, performance, or durability of the product itself. Because appellant failed to sufficiently demonstrate that the exclusions were inapplicable, the court concluded that appellant failed to establish the necessary probable cause for filing the supplemental complaint.

## ISSUE

Did the trial court err in not allowing appellant to file a supplemental complaint in this garnishment proceeding?

## ANALYSIS

After respondents initially denied liability, appellant was required to file a supplemental complaint in order to add respondents as parties to the action. Appellant was required to fulfill the requirements of Minn.Stat. § 571.51 (1984), which states in part that

> where the garnishee denies liability, the judgment creditor may move the court * * * for leave to file a supplemental complaint making the latter a party to the action, and *setting forth the facts* upon which he claims to charge him; *and, if probable cause is shown, such motion shall be granted.*

(emphasis added). The effect of this provision is that "there shall be no proceedings subsequent to the disclosure to charge the garnishee except by leave of court obtained upon a showing that there is probable cause that the garnishee is liable as such." *Gudbrandsen v. Pelto,* 205 Minn. 607, 609, 287 N.W. 116, 117 (1939).

Probable cause in this type of proceeding has been defined as "some showing by evidence which fairly and reasonably tends to show the existence of the facts alleged." *Id.* "The question whether probable cause has been shown depends on whether the evidence shows probable grounds for believing that the garnishee might be held liable under the policy involved here." *Id.* at 610, 287 N.W.2d at 117–18.

To meet its burden, appellant presented two affidavits in support of the motion. One of the affidavits was filed by appellant's attorney Richard Glassman. He stated the procedural history of the case, and then stated as follows:

> The garnishees herein are insurance companies which, at all times relevant, insured Chas. Olson & Sons and Wheel Service Company, Inc., under various policies of automobile general liability, and garage liability insurance. Attached hereto as Exhibit "A" and made a part hereof is a list of insurance policies issued to the judgment debtor by garnishee Fireman's Fund, Inc., which policies, upon information and belief, were in full force and effect during the time in which the causes of action in favor of the judgment creditor arose. Attached hereto as Exhibit "B" and made a part hereof is a copy of a policy issued to the judgment debtor by garnishee Canadian Universal Insurance Company, Ltd., which, upon information and belief was in full force and effect during the time in which the causes of action arose in favor of the judgment creditor.

> It is the contention of the judgment creditor herein that the insurance policies referred to in Exhibits "A" and "B" afforded coverage to the judgment debtor.

The other affidavit was filed by Larry Guthrie, an attorney who had represented Olson & Sons during the initial proceedings. He stated that he had learned that both respondents had issued insurance policies for Olson & Sons. He stated that he had first tendered defense to Fireman's Fund, which refused to defend Olson & Sons because the claim was not covered under the policy. He stated that he then tendered defense to Canadian Universal, which also refused to defend because the claim was not covered by the policy.

■ Appellant argues that this record compels a finding of probable cause. We disagree. Regarding Fireman's Fund, appellant presented no facts to show that they might be liable. Guthrie's affidavit supports a finding that there is no coverage because it is accompanied by provisions from Fireman's Fund's policy that demonstrate that there is no coverage. Nor does Glassman's affidavit state any facts that would lead us to believe that there is coverage. He merely stated that he believed there was coverage. Appellant could have conducted discovery to find the exact terms of the insurance policy, yet the policy was not even included in support of the motion. Just as a warrant will not be issued merely on an officer's statement that he believes there is probable cause, a supplemental complaint should not be issued merely on

the judgment creditor's attorney's belief that there is probable cause.

■ Regarding Canadian Universal, appellant did not assert facts to support a finding of probable cause. Although appellant did present a copy of the insurance policy, the policy showed that there was no coverage. The policy only covers damages caused by an "occurrence." In the present case, the damages were not caused by an occurrence but were the ultimate result of a faulty manufacturing process. Even if this were an occurrence, the exclusions in the policy clearly preclude recovery.

Appellant contends that by reading the policy's coverages and exclusions the trial court held them to a higher standard than merely probable cause. Appellant believes that it did not need to show that the exclusionary clauses were inapplicable because that is the ultimate issue to be determined in the matter.

■ Although the trial court did examine the insurance policies, we disagree with appellant's conclusion that this was erroneous. It is well established that a judgment creditor can obtain only those rights that the judgment debtor had against the garnishee. *Gilbert v. Pioneer National Bank of Duluth*, 206 Minn. 213, 215, 288 N.W. 153, 154 (1939); *see Polzin v. Merila*, 258 Minn. 93, 103 N.W.2d 198 (1960). "The attaching creditor cannot compel the garnishee to perform his contract with the principal debtor in a manner otherwise than as provided by the contract." *Bacon v. Felthous*, 103 Minn. 387, 391, 115 N.W. 205, 207 (1908). Because the insurance policies control the disposition of the action, we believe the court correctly read the policies and concluded that there was insufficient showing of probable cause.

#### DECISION

The trial court did not err in determining that appellant failed to establish probable cause to believe that respondents were liable on the underlying debt.

Affirmed.