Margaret MEDD, individually and as Trustee for the North Dakota Workers Compensation Bureau, Plaintiff and Appellant

v.

Drew FONDER, Defendant

and

Great American Insurance Co., Garnishee and Appellee

and

Walle Mutual Insurance Co., Garnishee and Appellee.

Civil No. 950234.

Supreme Court of North Dakota.

Feb. 13, 1996.

484

Ronald I. Galstad of Moosbrugger, Dvorak & Carter, Grand Forks, for plaintiff and appellant.

Pearson, Christensen, Larivee, Clapp, Fiedler & Fischer, Grand Forks, for defendant. No appearance.

Steven J. Cahill of Cahill & Marquart, Moorhead, for garnishee and appellee Great American Insurance Co., and Howard D. Swanson of Letnes, Marshall & Swanson, Ltd., Grand Forks, for garnishee and appellee Walle Mutual Insurance Co.

SANDSTROM, Justice.

Margaret Medd appealed from a district court order denying her motion for leave to serve a supplemental complaint to join Great American Insurance Company and Walle Mutual Insurance Company as garnishees in her action against Drew Fonder. We affirm and remand for an award of attorney fees.

I

Medd was injured while working as a bartender at the Bronze Boot on February 9, 1989, when an off-duty fellow employee, Fonder, caused her to fall and injure her back.

In April 1990, Medd sued Fonder, alleging in the first count that Fonder "physically assaulted" her by "physically forcing her to bend backwards over the bar," "willfully

causing [her] serious bodily injury" by his "deliberate and unprovoked attack" while "in a state of anger." Medd alleged in the second count Fonder's actions were "outrageous and intentional acts" and the assault was "willful, vicious, malicious and violent." In November 1991, Medd filed a motion for permission to include in her complaint a request for punitive damages, alleging "Defendant has acted with willful indifference to Plaintiff's rights warranting assessment of punitive damages on the physical assault complaint." In December 1991, Medd filed an amended complaint stating she was suing for herself and as trustee for the Workers Compensation Bureau, but with the same allegations as the original complaint.

Fonder notified Great American, which insured Bronze Boot, Inc., and requested it to defend. Great American denied coverage on several grounds: Fonder was not a named or other insured; even if Fonder were an insured, there would be no coverage because intentional injuries and injuries to co-employees are excluded; Medd was acting in the course of her employment; and injuries to employees are excluded.

In March 1992, Medd filed a second amended complaint, alleging in Count I, Fonder "became intoxicated and thereupon did physically strike the Plaintiff by physically bending her backwards over the bar" and "Defendant, in a state of anger did bend Plaintiff backwards over the bar.... The attack ... was unprovoked ... and was made with malice and with the intent ... to severely injury Plaintiff." Medd alleged in Count II:

"X.

"That Defendant became intoxicated as a result of the alcoholic beverages that he drank and that he knew or should have known not to engage in the consumption of alcoholic beverages ...

* * * * *

"XIII

"That as a result of the defendant's consumption of alcoholic beverages and other matters, the defendant was unable to balance himself and did unintentionally fall

upon the [plaintiff] causing her to suddenly and violently bend backwards over the bar injuring herself."

Fonder notified Walle Mutual, Fonder's insurer under a homeowner's policy, and requested coverage. Walle Mutual declined Fonder's request for a defense and indemnity, relying on exclusions for business pursuits and intentional acts.

In May 1993, Medd and Fonder stipulated judgment could be entered against Fonder and in favor of Medd for $400,000, "collectable only from the proceeds of insurance policies, including but not limited to, the Great American Insurance Company Policy and Walle Mutual Insurance Company Policy." Medd and Fonder agreed the stipulation and accompanying release should be interpreted in accordance with *Miller v. Shugart*, 316 N.W.2d 729 (Minn.1982). Under *Miller v. Shugart*, 316 N.W.2d 729 (Minn.1982), an insured defendant may stipulate for settlement of a plaintiff's claims and stipulate judgment may be collected only from the proceeds of any insurance policy, with no personal liability to the defendant. The stipulated judgment is not conclusive on the insurer. The plaintiff judgment creditor must show the settlement was reasonable and prudent.

On December 16, 1993, a judgment was entered for Medd as provided by the stipulation.

In January 1995, Medd brought garnishment proceedings against Great American and Walle Mutual. They denied the existence of any liability insurance for Medd's injuries resulting from Fonder's actions. Medd filed a motion for leave to serve a supplemental complaint joining Walle Mutual and Great American as parties. The district court denied the motion and Medd appealed.

The district court had jurisdiction under N.D. Const., Art. VI, § 8, N.D.C.C. § 27–05–06, and N.D.C.C. § 32–09.1–12. This court has jurisdiction under N.D. Const., Art. VI, § 2, and N.D.C.C. § 28–27–02. The appeal was timely under Rule 4(a), N.D.R.App.P.

## II

Medd contends the district court erred in finding she failed to show probable cause Walle Mutual is liable and in denying her motion for leave to file a supplemental complaint.

N.D.C.C. § 32–09.1–12 provides in part:

"[W]here the garnishee denies liability, the plaintiff may move the court . . . for leave to file a supplemental complaint making the garnishee a party to the action, and setting forth the facts upon which the plaintiff claims to charge the garnishee. If probable cause is shown, the motion shall be granted."

We have not previously construed that language. Minnesota courts, however, have reasonably construed similar language:

"Probable cause in this type of proceeding has been defined as 'some showing by evidence which fairly and reasonably tends to show the existence of the facts alleged.' *Id.* 'The question whether probable cause has been shown depends on whether the evidence shows probable grounds for believing that the garnishee might be held liable under the policy involved here.' *Id.* at 610, 287 N.W.[ ] at 117–18."

*Poor Richards, Inc. v. Chas. Olson & Sons & Wheel Service Co., Inc.*, 380 N.W.2d 225, 227 (Minn.App.1986), *quoting Gudbrandsen v. Pelto*, 205 Minn. 607, 287 N.W. 116, 117–18 (1939).

In support of her motion, Medd submitted to the trial court a brief and a copy of the supplemental complaint she proposed to serve on the insurance companies. In her proposed supplemental complaint, Medd alleged Fonder "negligently consumed alcoholic beverages," became "intoxicated and belligerent" and during an argument with Medd, "as a result of the Defendant's negligent consumption of alcoholic beverages, the Defendant was unable to balance himself and he inadvertently fell and made physical contact with the Plaintiff causing her to slip and fall which resulted in a permanent disability to her back." Medd's claim, as asserted in the various complaints, evolved from an intentional tort, to an intentional or negligent tort, to a negligent tort, depending upon whom she was asserting the claim against and what defenses were raised. The supplemental complaint alleges Great American and Walle Mutual had issued insurance policies obligating them "to pay for the damages resulting from the acts of the negligence of Defendant, Drew Fonder which injured the Plaintiff."

Medd attached to the proposed supplemental complaint a number of exhibits, including the stipulated judgment, the stipulation between Medd and Fonder, the trial court's findings, conclusions and order for judgment, notices, and garnishment disclosures. Medd's brief in support of her motion for leave to serve a supplemental complaint closely parroted the proposed supplemental complaint and had attached to it the same exhibits that were attached to the proposed supplemental complaint. The record on appeal does not contain any affidavits, admissions, answers to interrogatories, or depositions submitted by Medd in support of the motion.

In denying Medd's motion, the trial court ruled as to Walle Mutual:

"The policy states, quite clearly and unambiguously, that coverage is not provided for injuries or damage 'expected or intended by the insured.' . . . Here, it cannot be seriously disputed that intentional acts are not within the scope of coverage under the plain language of the policy.

". . . Plaintiff has tailored her supplemental complaint to allow coverage for Fonder's alleged negligence in consuming alcoholic beverages . . . . after the insurers had denied coverage for the Defendant's intentional actions.

". . . the Defendant's act of drinking does not supersede any conduct he may have later intentionally directed at the Plaintiff.

". . . Based on the Original and Amended Complaints, together with a review of the policies, the Court finds that Plaintiff has failed to establish probable cause that Walle Mutual is liable for payment of any part of the Stipulated Judgment."

Allegations in pleadings are not evidence. *Hummel v. Mid Dakota Clinic, P.C.*,

526 N.W.2d 704, 710 (N.D.1995); *Anderson v. Meide*, 129 N.W.2d 275, 279 (N.D.1964); NDJI–CIVIL 30. Statements in a motion brief are not evidence. *First Nat'l Bank of Hettinger v. Clark*, 332 N.W.2d 264, 268 (N.D.1983). Factual assertions in briefs do not raise genuine issues of material fact. *Kemp v. Grand Forks*, 523 N.W.2d 406, 408 (N.D.1994). Medd has not shown by evidence "probable grounds for believing that [Walle Mutual] might be held liable under the policy involved here." *Poor Richards, Inc.* at 227, *quoting Gudbrandsen* at 117–18. The trial court, in light of the complaints, properly concluded the Walle Mutual insurance policy clearly excluded liability on the part of Walle Mutual.

 Medd asserts Walle Mutual should be estopped from contesting liability coverage because it breached its duty to defend Fonder and had an opportunity to litigate its defenses. This Court has previously concluded an insurer who abandons its insured and is later met with a judgment entered under a *Miller v. Shugart* settlement may still contest coverage under the policy in an action to collect on the stipulated judgment. *Sellie v. North Dakota Ins. Guar. Ass'n*, 494 N.W.2d 151, 155–56 (N.D.1992). Under *Sellie* and *Shugart*, Walle Mutual is not estopped to deny coverage. Medd contends the stipulation and judgment should be enforced against Walle Mutual "without challenge." Under *Shugart*, however, the burden is on the claimant "to show that the settlement is reasonable and prudent." *Shugart* at 735.

### III

Medd contends the district court erred in finding she failed to show probable cause Great American is liable and in denying her motion for leave to file a supplemental complaint. In denying Medd's motion, the district court, noting "Great American's insured, the Bronze Boot, was not made a party to this case," and Drew Fonder was not a named insured in the policy, and ruled:

"This Court concludes that there is no contractual relationship of any kind be-tween Great American and the Plaintiff or Defendant. They were not intended as third-party beneficiaries of the insurance contract. (Citation omitted.) The Plaintiff has failed to explain how she or the Defendant should reasonably be construed as protected under the Great American policy. . . . The lack of any contractual privity with Great American defeats any reasonable claim either party may have against this insurer. Therefore, the Plaintiff has failed to establish probable cause that Great American is liable for any part of the Stipulated Judgment."

We agree.

 An insurance contract relates to the parties executing it. 44 C.J.S. *Insurance* § 285 (1993). "[A] liability policy is designed for the benefit and protection of the insured and is in no way intended to be of direct benefit to the claimant." 11 *Couch on Ins.2d* § 44:1, p. 186 (Rev. ed.1982). "The parties to the policy of liability or indemnity insurance are the insurer and the insured, the latter being the person for whose benefit the policy is procured—usually the employer, or owner, or other person procuring the policy." 11 *Couch on Ins.2d* § 44:3, p. 187 (Rev. ed.1982). Absent a specific contractual or statutory provision, "the person actually injured is not the party insured, and has no rights ... against the insurer, or in or to a policy issued by it under an indemnity contract with the employer, owner, or other person, as the case may be." *Id.*

 Medd asserts there is a special relationship—father and son, employer and employee—between Darcy Fonder, owner of Bronze Boot, Inc., and Drew Fonder, as a result of which "Great American's policy of insurance should be construed to reasonably expect to provide coverage for Fonder's actions and Medd's resulting injuries." Medd has not shown why anyone would reasonably expect the policy to provide coverage for Fonder's actions. Medd also has not shown any policy ambiguity requiring resort to the interpretive tool of reasonable expectations to discern the intent of the parties to the policy. Furthermore, Medd did not raise this issue in the district court, and we will not consider it for the first time on appeal.

*In Interest of B.D.*, 510 N.W.2d 629, 632 (N.D.1994).

We conclude Medd's appeal against Great American is flagrantly groundless and is, therefore, frivolous. *Nissen v. Fargo*, 338 N.W.2d 655, 658 (N.D.1983). The flagrantly groundless nature of Medd's appeal on this matter justifies an award of double costs and reasonable attorney fees to Great American under N.D.R.App.P. 38, in an amount to be determined by the trial court on remand.

## IV

The order denying Medd's motion for leave to serve a supplemental complaint joining Walle Mutual and Great American as parties is affirmed. The matter is remanded for a determination of the amount of reasonable attorney fees to be awarded to Great American.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.