HARDWARE MUTUAL CASUALTY COMPANY, Appellant, vs. MILWAUKEE AUTOMOBILE INSURANCE COMPANY, Respondent.

*October 11—November 9, 1938.*

*Thomas A. Sanderson* of Sturgeon Bay, for the appellant.
*W. E. Wagener* of Sturgeon Bay, for the respondent.

ROSENBERRY, C. J.   In October, 1931, one Chicanich
was engaged in driving a truck belonging to one John Volk,
which was then being used in highway construction work.
On October 21, 1931, the Volk truck then being driven by
Chicanich, collided with a truck owned by one Kluck.   One
Radtke, who at the time of the collision, was riding on the
Volk truck, was injured.   Radtke commenced an action
against Volk and Kluck to recover damages for his injuries.
The jury in that case found both of the drivers negligent,
but upon motions after verdict the action was dismissed as
to the defendant Volk on the ground that at the time of the
collision Chicanich was not within the scope of his employ-
ment and had no authority to carry Radtke as a passenger.
Judgment was thereupon entered in favor of Radtke against
Kluck in the sum of $2,987.22.   The plaintiff paying the
judgment, was subrogated to the rights of Kluck, sued Chic-
anich for contribution and recovered judgment for one half
of the amount paid to Radtke.   Thereupon the plaintiff de-
manded of the defendant that as the insurer of Volk, the
employer of Chicanich, it should pay the judgment.   This
the defendant declined to do.

The policy of insurance was in the usual form.   The
clause relating to extended coverage was as follows:

"Such insurance shall also extend to any person, firm or
corporation legally responsible for the operation of such
automobile."

Plaintiff contends that Chicanich being a person legally
responsible for the operation of the automobile, the plaintiff
is entitled to the benefit of the policy; the defendant on the

other hand claims the benefit of the exclusion clause found in paragraph 16 of the policy:

"The company shall not be liable, under section II hereof (unless specifically indorsed hereon), for any loss, damage or expense while any automobile insured herein is used, operated, manipulated or maintained . . . or

"(e) for any purpose not specified in Statement VI of the Schedule of Statements."

Statement VI is as follows:

"The above described automobile(s) is/are used only for Trucks—Hauling Sand and Gravel."

The contention of the defendant is that the truck having been used at the time of the accident for purposes other than hauling sand and gravel, that is, for transporting a passenger, the exclusion clause applies, the loss is not covered, and the defendant is not liable.

The plaintiff relies upon the case of *Hoefer v. Last* (1936), 221 Wis. 102, 266 N. W. 196. In that case the action was against the driver of a truck, his employer, the named assured, who was a minor, and the assured. The driver was found negligent, and judgment was rendered against the driver, the owner, and the insurer. On appeal it was held that the minor could not make a valid contract creating the relation of master and servant, and was therefore not liable under the doctrine of *respondeat superior,* and the case as to the minor was dismissed. The court held, however, under the policy, the terms of which were substantially the same as the policy in this case, that the policy was available to the driver of the truck because he was operating a truck with the permission of the named assured and was therefore within the terms of the policy.

The decision in *Hoefer v. Last* did not reach the point relied upon by the defendant in this case, and that is, that the

truck being used for a purpose excluded in the coverage clause, the insurer did not become liable.

The crucial question in this case is whether the truck at the time of the accident was being used for hauling sand and gravel, and therefore within the coverage clause, or was being used for transporting passengers, and therefore excluded from the coverage. It appears without dispute that on the morning of the accident, Chicanich was driving the truck to the place of work when Radtke, who was also an employee on the same job but not an employee of Volk, rode with Chicanich, sitting in the seat. Volk had posted upon the windshield a sign reading, "No passengers allowed. Passengers ride at their own risk." Some time prior to the collision the rain had loosened the sign, and it was then lying on a cushion behind the seat of the truck. Chicanich knew of the instructions, and had carried no other passenger on the Volk truck. There is no evidence that Chicanich, the driver, deviated from his regular route. He was on his way to secure a load of material to be hauled in the regular course of business, but it is claimed that the presence of Radtke, who paid no fare, but was a gratuitous rider on the truck, made the truck a passenger truck instead of a truck hauling sand and gravel.

The defendant cites *Drewek v. Milwaukee Automobile Ins. Co.* (1932) 207 Wis. 445, 449, 240 N. W. 881. In the *Drewek Case* the schedule of statements specified: "The above described automobile is used only for commercial purposes in business of assured [grocery business]." At the time of the accident the truck was being used to haul household goods from one place to another by the driver who had obtained his employer's permission to use the truck for the purpose of transporting a radio for himself. The court held that the truck at the time of the accident was not being used for the purpose specified in the schedule of statements, and

the insurer was not liable. In the *Drewek Case* the insurer would not have been liable if the truck had been driven by the owner at the time.

The defendant also cites *Segall v. Ohio Casualty Co.* (1937) 224 Wis. 379, 388, 272 N. W. 665. In that case it was held that an insurer was not liable on account of the negligence of the insured because of which his minor son had sustained personal injuries. It was held that there could be no liability of the father to the son under the circumstances because under the doctrine of *Wick v. Wick* (1927), 192 Wis. 260, 212 N. W. 787, a minor unemancipated son could not maintain an action against his father for a tort. Therefore the insurer was not liable, but that case does not reach this case. While it is said in that case:

"In all of these statutory provisions it will be noticed that nothing was done that in any way sought to change the character of this insurance. All of the provisions had for their purpose making the insurance available conveniently to one who had a tort claim against the assured, but all the changes proceed upon the assumption that such a claim is essential to the operation of the policy."

That language must be considered in connection with the facts of the case in which it was used. It is to be noted that the language is "to one who had a tort claim against the assured," not one who had a tort claim against the named assured. Where an owner of an automobile permits a third person to drive the car for a third person's benefit, and not as his agent and for a purpose specified in the policy, there can be no doubt that such driver is protected under the extended insurance clause although the car is used under such circumstances that the owner would not be liable.

If a truck is being driven by a person legally responsible for its operation with the permission of the named assured, and at the time is being used for a purpose within the cover-

age clause, the operator is protected by the policy whether the owner is personally liable or not. *Drewek v. Milwaukee Automobile Ins. Co., supra.*

It is considered that under the facts of this case the presence of Radtke upon the truck, although in violation of the owner's instructions, did not take the truck out of the coverage of the policy. It continued to be a truck "hauling sand and gravel."

The defendant cites *Hartman v. Badger Tobacco Co.* (1933) 210 Wis. 519, 246 N. W. 577. In that case there was no liability so far as the insurer was concerned because there was no negligence under the circumstances of that case on the part of the driver. The mere fact that a driver of a truck while pursuing his duties in the usual, ordinary, and customary way permits a person to ride with him or carries some personal property upon the truck, does not take it out of a coverage clause such as the one in the policy under consideration here. If he had left his route of travel, had gone to pick up passengers and take them to some other point, a different question would be presented. Under the facts of this case the extended coverage clause operated to protect the driver as well as the owner. The trial court was therefore in error in denying plaintiff recovery.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to enter judgment in favor of the plaintiff and against the defendant.