## UNITED STATES FIDELITY & GUARANTY CO. v. CHURCH et al.

### No. 28766.

United States District Court
N. D. California, S. D.

March 18, 1952.

As Amended May 20, 1952.

Knight, Boland & Riordan, San Francisco, Cal., for plaintiff.

Russell F. King, Richmond, Cal., for defendant Church.

Emmett R. Burns, San Francisco, Cal., for defendants Thomas Rigging Co. and Canadian Indemnity Co.

Hadsell, Sweet, Ingalls & Murman, Sydney P. Murman, Everett A. Ingalls, San Francisco, Cal., for defendant Headrick & Brown Co.

Tinning & DeLap, J. Vance Porlier, Richmond, Cal., for defendant Thomas Goff.

MURPHY, District Judge.

Petitioner brings this action under the provisions of the Federal Declaratory Judgment Act, §§ 2201 and 2202 of Title 28 U.S. C., for a declaration of the respective rights, duties and liabilities of the named parties growing out of a judgment for personal injuries recovered by defendant Church in a state action. There is diversity of citizenship and the sum in issue exceeds $3,000.

### Facts

The controversy giving rise to this action had its origin in an injury sustained by Walter M. Church while engaged in unloading a girder from a truck owned and operated by the Thomas Rigging Co. On April 1, 1948, the said truck delivered a girder to the premises of the Butler Manufacturing Co., in Richmond, California,

pursuant to a contract with the owner of the girder to deliver it F.O.B. that destination. Upon its arrival, Thomas Goff, an employee of Headrick & Brown, a partnership performing certain work for Butler Bros., assumed supervision of the unloading. Slings were placed around the girder. The rear chain binders were released by the truck driver. Church, who had accompanied the driver (in what capacity does not appear), was then directed to remove the front chain binder. While so doing, and while the girder was still resting upon the trailer bed, Goff negligently allowed the beam to shift, precipitating Church to the ground.

Suit was filed in the Superior Court of Contra Costa as a consequence of the severe injuries sustained by Church in the fall. Named as defendants in the second amended complaint were, inter alia, "Butler Manufacturing Co., a corp., * * * Headrick & Brown, a copartnership consisting of Bern Headrick Sr., and Russell Brown, Thomas Goff, * * *". (The defendants in that action who did not figure in the verdict and judgment are omitted from this recitation of facts.) The pleadings were drawn, case tried, and proposed verdicts framed upon the theory that Thomas Goff, while acting in the scope of his employment by Headrick & Brown, negligently caused the injury.

The jury brought in a verdict as follows:

"* * * for the plaintiff Walter M. Church and against Headrick & Brown, et al. and Butler Mfg. Co., and assess damages in the sum of $47,500.00 * * *." (Emphasis added.)

The verdict against Butler Mfg. Co. was later vacated and set aside.

Judgment was entered in the following terms:

"That said plaintiff Walter M. Church do have and recover of and from said defendants Headrick & Brown, a co-partnership consisting of Bern Headrick, Sr. and Russell Brown, and Thomas Goff, the sum of Forty-Seven Thousand Five Hundred ($47,-500.00) Dollars, together with all the said plaintiff's costs and disbursements

incurred herein in this action, amounting to the sum of $1,294.27."

Motions for judgment notwithstanding the verdict and for new trial were denied. Headrick & Brown appealed, the judgment was affirmed, and it has now become final as to each of the defendants. Execution against Goff was returned unsatisfied. He is apparently judgment proof. Hence this action to determine ultimate liability of the respective insurance carriers.

On April 1, 1948, there was in force the Canadian Indemnity Company's Comprehensive Bodily Injury and Property Damage liability policy issued to Thomas Rigging Company, owners and operators of the truck. The applicable limit of liability under it is $100,000. It carries an omnibus clause which extends coverage to anyone using the vehicle with the permission of the named insured, the Thomas Rigging Co. The contract defines assured as:

"Any person while *using* an owned automobile or a hired automobile, and any person or organization legally responsible for the use thereof, provided the actual use is with the permission of the named insured." (Emphasis added.)

The next succeeding definition is that of "automobile":

"Automobile means a land motor vehicle, trailer or semi-trailer (and the *loading or unloading thereof*), which is owned, maintained or used by or for the insured * * *." (Emphasis added.)

There is no definition of "using" other than that appearing above.

On April 1, 1948 there was also in force United States Fidelity and Guaranty Company's Manufacturer's or Contractor's Scheduled liability policy, insuring the individuals constituting the copartnership of Headrick & Brown. It is not an automobile policy and does not have an extended insurance or omnibus clause. It insures Headrick & Brown against loss which that company shall become obligated to pay by reason of liability imposed on it by law. It affords coverage in the amount of $50,000.

There is contained in the contract the usual subrogation provisions.

Finally, both policies contain "other insurance" clauses. Canadian Indemnity's is of the type commonly referred to as an "excess insurance" clause:

> "If at the time of an accident there is any other insurance *available* to the insured * * * there shall be no insurance afforded hereunder as respects such accident except that if the applicable limit of liability of this policy is in excess of the applicable limit provided by the other insurance available to the insured this policy shall afford excess insurance over and above such other insurance * * * to the applicable limit of liability afforded by this policy. * * * Insurance under this policy shall not be construed to be concurrent or contributing with any other insurance which is *available* to the insured." (Emphasis added.)

U. S. F. & G.'s policy contains what has been designated as a "pro-ration" clause:

> "If the Insured has other insurance against a loss covered by this policy the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declaration ($50,-000.00) bears to the total applicable limit of liability of all *valid and collectible* insurance against such loss.

There are two cross-complaints in this action, one by Thomas Goff against the Canadian Indemnity Co. in which he sets out that he is an insured under the subject policy, that he has outstanding against him a judgment which with interest now exceeds $50,000, that he has no assets to satisfy it, and that Canadian has refused to pay it. He seeks exoneration and costs of litigation. The other, that of Walter Church, the injured man, sets out substantially the same facts and he therefore asks that he be given a judgment against Canadian plus costs in this proceeding. Since this case was submitted U. S. F. & G. has paid to Church, in satisfaction of his judgment, the sum of $56,576.48. Headrick & Brown have filed counterclaims, one against U. S. F. & G. and one against Canadian, in which they ask that the liability of the companies be declared and that they be awarded costs of litigation. U. S. F. & G. also claims that Canadian should answer for their costs of defense and suit.

## Issues

Four principal questions are posed by the various counsel in their briefs:

1. Is the judgment against Thomas Goff valid?

2. Is Goff an insured under the provisions of Canadian's omnibus clause?

3. Upon whom does ultimate liability fall?

4. Against whom should costs and attorney's fees be assessed?

## Discussion

Validity of the Judgment:

It is the contention of Canadian that the state court's judgment is invalid as to Goff because "it enlarges the verdict." It is not denied that the only defendants remaining in the action at the time of judgment were Headrick & Brown as a copartnership, and Thomas Goff, the employee thereof. Nor is it denied that as to these the pleadings, trial, instructions and proposed verdicts were framed on the theory that Goff was the primary tort-feasor and Headrick & Brown were liable through him on the basis of respondeat superior. There is no evidence that plaintiff contended for other than derivative liability of the employer. There is no claim in this proceeding that the state court lacked jurisdiction of the persons or the subject matter. Pioneer Land Co. v. Maddux, 109 Cal. 633, 42 P. 295.

Judgment is defined by the Code as the "final determination of the rights of the parties in an action or proceeding", Calif. Code of Civil Procedure, § 577. It is to be entered in accordance with the verdict. In construing the verdict reference may be had to the pleadings, the evidence and the charge of the court, Snodgrass v. Hand, 220 Cal. 446, 448, 31 P.2d 198. In the light of the factors adverted to above, it does not appear that the trial court's interpretation of the verdict was in error. Snodgrass v. Hand, supra; Johnson v. Visher, 96 Cal.

310, 31 P. 106; Ochoa v. McCush, 213 Cal. 426, 2 P.2d 357.

However this may be, authority to enter such a judgment includes the power to enter an erroneous one. If the judgment was not in accord with the verdict, the Code provides certain remedies for its correction. These were not employed nor has Goff ever made objection to the form of the judgment as entered. As stated in 15 California Jurisprudence at page 82, "Where a court has jurisdiction it has a right to decide every question arising in the cause, and whether its decision be correct or otherwise its judgment until reversed or set aside is binding on every other court." It will not be disturbed in this collateral proceeding.

Coverage of Canadian's Policy:

By its omnibus definition of insured, Canadian's policy explicitly extends coverage to "Any person while using an owned automobile or a hired automobile, and any person or organization legally responsible for the use thereof, provided the actual use is with the permission of the named insured."

There is no definition of "using" per se. However, the policy provides that "automobile" as used in the above-quoted clause, means a "land motor vehicle, *trailer or semi-trailer* (and the loading or unloading thereof,) which is *owned, maintained or used by or for the insured.*"

■ It is to be noted that the policy refers only to *permissive* user, not compensated use, or use by an employee only, nor does it limit liability to an instance where the named insured was contractually obligated to effect the unloading. Permission, of course, need not be solicited nor oral. At the very least there was here a lack of objection under circumstances which not only signified assent, but expectation.

■ The sole remaining question is whether this accident occurred while Goff was "using", i. e., unloading, the truck, and was causally connected with such use. Although we have not been referred to any case precisely on all fours with this one, the general subject of insurance loading and unloading clauses is treated in Pacific Auto Ins. Co. v. Commercial Cas. Ins. Co., 108

Utah 500, 161 P.2d 423, 160 A.L.R. 1259. See also American Auto. Ins. Co. v. American Fidelity & Casualty Co., 106 Cal.App. 2d 630, 235 P.2d 645. From the cases there cited certain general rules stand out. Among those rules are the principles that the terms "loading" and "unloading" are to be taken in their plain and ordinary sense, and that the policy of insurance is to be construed as a whole.

■ Even under the narrowest construction of such a clause, the so-called "coming to rest" doctrine, unloading comprises the actual removing or lifting up of the article from the motor vehicle up to the moment where (a) the goods, or in this case the girder, have actually come to rest and (b) every connection of the motor vehicle with the process of unloading has ceased. Neither of these terminating events had yet occurred in our case. The girder was still partially resting on the truck bed, and it was while unloosening the chain binders that Church was precipitated to the ground as a result of Goff's negligence.

■ On the basis of the foregoing, it is clear to this court that Goff was an insured under the Canadian policy. It is immaterial to this conclusion that the Thomas Rigging Co., the named insured, was absolved of liability by the State decision. An omnibus clause of the kind here dealt with extends coverage to the permissive user independent of the insurer's responsibility to the named insured. The provisions of an insurance policy are strictly construed against the insurer and the named insured's liability for the user's fault is the test of the insurer's responsibility only if the policy so reads, see Utica Mut. Ins. Co. v. Langevin, 87 N.H. 267, 177 A. 549. As a practical proposition an omnibus clause would be surplusage if liability of the named assured were requisite. But more particularly, those provisions of Canadian's policy which spell out priority of rights to indemnification would be meaningless if the named assured's liability defined the insurer's. See Lahti v. Southwestern Auto Ins. Co., 109 Cal.App. 163, 165, 292 P. 527; Century Indemnity Co. v. Norbut, 117 N.J.Eq. 584, 177 A. 248; Howe v. Howe, 87 N.H. 338, 179 A. 362; Hardware Mut. Casualty Co. v.

688

Milwaukee A. Ins. Co., 229 Wis. 215, 282 N.W. 27; Drewek v. Milwaukee Auto Ins. Co., 207 Wis. 445, 240 N.W. 881; Kautz v. Zurich Gen. A. & L. Ins. Co., 212 Cal. 576, 580, 300 P. 34; Universal Automobile Ins. Co. v. Benoit, 9 Cir., 67 F.2d 52; Maryland Casualty Co. v. Ronan, 2 Cir., 37 F.2d 449, 72 A.L.R. 1360.

Goff, the primary tort-feasor, is not the only assured under the omnibus clause. Headrick & Brown, liable to Church under the doctrine of imputed negligence, also comes within the policy since the clause extends to "any person or organization *legally responsible* for the use [of the truck] * * *." On the other hand Goff is not an insured under the U. S. F. & G. policy to Headrick & Brown since it insured only partnership risks.

Ultimate Liability:

 We thus are brought to the basic question in this proceeding: Does ultimate liability fall on Canadian as a result of a primary secondary liability theory or some subrogation-recoupment doctrine? The case of United Pacific Ins. Co. v. Ohio Casualty Ins. Co., 9 Cir., 1949, 172 F.2d 836, appears to answer this question in the affirmative. The holding in that case, on facts legally equivalent to those in the instant case, would produce the following results herein:

1) Canadian is obligated under its contract of insurance to satisfy any judgment rendered against Goff or Headrick & Brown.

2) U. S. F. & G. is obligated to provide a defense in the State Court action for Headrick & Brown and pay any judgment rendered against the partnership.

3) Canadian and U. S. F. & G. are jointly obligated to satisfy any judgment rendered against Headrick & Brown except in so far as this liability is modified by their respective "other insurance" clauses. Headrick & Brown is thus in the position of being doubly insured, Consolidated Shippers, Inc. v. Pacific Employers Insur. Co., 45 Cal. App.2d 288, 114 P.2d 34, and as "excess insurance" provided by Canadian is not " 'valid and collectible insurance' ", Zurich General Accident & Liability Ins. Co. v.

Clamor, 7 Cir., 124 F.2d 717, 719, U. S. F. & G. would be liable to Church up to the applicable limit of liability stated in the declaration ($50,000) if Goff were uninsured. Canadian would have to answer for the excess, if any, within the limits of its policy. See Norris v. Pacific Indemnity Co., Cal. App., 237 P.2d 666.

4) However, as Goff—the ultimately liable tort-feasor—*is* insured by Canadian and Canadian alone, that company is obligated to respond to and satisfy any judgment rendered against Goff and is also obligated to reimburse U. S. F. & G. for all expenditures, reasonably and necessarily made to or on behalf of Church in satisfaction of the judgment recovered by Church.

The theory behind this decision is that Headrick & Brown has a clear right of action to recover from Goff the sums necessarily expended in payment for his torts, "and in an action for that purpose, no issue of contribution between joint tort feasors would be involved—this because in such an action the negligence of the employee is not imputable to the employer [In California]; An employer against whom a judgment has been rendered for damages occasioned by the unauthorized negligent act of an employee may recoup his losses in an action against the negligent employee". United Pacific Ins. Co. v. Ohio Casualty Ins. Co., supra [172 F.2d 841], citing Johnston v. City of San Fernando, 35 Cal.App.2d 244, 246, 95 P.2d 147; Myers v. Tranquility Irr. Dist., 26 Cal.App.2d 385, 389, 79 P.2d 419; see also Popejoy v. Hannon, 37 Cal.2d 484, 231 P.2d 484; Spruce v. Wellman, 98 Cal. App.2d 158, 219 P.2d 472. By reason of its extended coverage Canadian directly insured Goff and it cannot subrogate against itself. On the other hand U. S. F. & G. by paying the judgment becomes subrogated to all the rights of Church and of Headrick & Brown against the employee—tort-feasor and against his sole insurer. Under the rule of the United Pacific case there is no problem of contribution where the person ultimately liable is insured under but one policy, and so the "other insurance" clauses are completely irrelevant to this decision.

 Canadian's technical policy defense, predicated upon the asserted failure

of Goff to give notice, is ineffective to alter the foregoing. Canadian has consistently denied that Goff was an insured, and he was in no position to give notice when he was ignorant of the coverage. See Scott v. Inter-Insurance Exchange, 352 Ill. 572, 186 N. E. 176. In addition, where the Company had actual knowledge and was not prejudiced by failure of notice, the technical policy defense fails, Abrams v. American Fidelity & Casualty Co., 32 Cal.2d 233, 195 P. 2d 797.

Attorneys' Fees:

■ We are thus brought to the final question in this proceeding: Whether, where two applicable policies each contains a defense agreement, the insurer which paid the defense costs may recover them from the other insurer? We think not. The obligations of the two insurers were several and not joint. Neither can object if it is required to fulfill the undertaking for which it accepted a premium. This was also the conclusion reached in Continental Casualty Co. v. Curtis Pub. Co., 3 Cir., 1938, 94 F.2d 710. As for Headrick & Brown's claim, the record discloses that all payments were in fact made by U. S. F. & G. Headrick & Brown has not suffered any out of pocket loss in the California suits and therefore has no right of action against Canadian. Nor does it appear that Goff has any agreement to pay any attorneys' fees to Messrs. Tinning & DeLap. Goff, in fact, did not even appear in the State Court action, and any defense rendered to him by U. S. F. & G. was merely incidental to its defense of Headrick & Brown, and for its own benefit.

"The decision in the case of Standard Accident Ins. Co. v. Hull, 91 F.Supp. 65, 66, upon which the claims of Headrick & Brown Co. and Goff [for attorneys' fees in this proceeding] are based is not applicable. In that case the insured was allowed to recover his attorneys' fees from the insurer in an action commenced by the insurer to have it declared that its policy did not protect the insured. The Court in that case considered that the commencement of the action by the insurer was tantamount to a request by the insurer that the insured incur reasonable attorneys' fees to defend the action. The insurer's liability for such reasonable expenses was provided for by a provision of the policy similar to one in the policy issued by the defendant Canadian Indemnity Company * * * In the case at bar, however, the defendant Canadian did not commence the action * * * and the fact that the action was commenced cannot be construed as a request by it to Headrick & Brown Co., or to Thomas Goff, or to the U. S. F. & G. Co. to incur any expense at the Canadian Indemnity Company's request." Adopted from the Memorandum Opinion of Judge Erskine.

■ There does not appear any special agreement of any kind by which the claims of Goff, Headrick & Brown, or U. S. F. & G. for reimbursement for attorneys' fees can be brought outside the general rule that attorneys' fees are not recoverable in ordinary civil actions.

Judgment will be entered in favor of United States Fidelity & Guaranty Co., and against Canadian Indemnity Company in the amount of $56,576.48. Each party to pay its own costs.

Findings of fact and conclusions of law will be entered in accordance with the rule