TRAVELERS INSURANCE COMPANY, a corporation, Plaintiff,

v.

GENERAL CASUALTY COMPANY OF AMERICA, a corporation, Rex T. Coffin, dba Arimo Lumber and Coal, Harvey G. Rowe, Defendants.

No. 2209.

United States District Court
D. Idaho, E. D.
Sept. 20, 1960.

Merrill & Merrill, by Wesley F. Merrill, Pocatello, Idaho, for plaintiff.

Louis F. Racine, Jr., Pocatello, Idaho, for defendant General Casualty Co. of America.

R. Max Whittier, Pocatello, Idaho, for defendant Coffin.

FRED M. TAYLOR, District Judge.

Travelers Insurance Company (Travelers) has instituted this action to determine whether it or the General Casualty Company of America (General) has the duty to defend, and pay any judgment that may result from a negligence action now pending in the Fifth Judicial District Court of the State of Idaho, in and for the County of Bannock. Jurisdiction is properly based upon 28 U.S.C.A. § 1332.

The dispute in the state court arose out of alleged injuries to one Darrell McKenna, an employee of Patton & Linton, Inc., General's insured. McKenna's complaint alleges negligence on the part of Harvey G. Rowe and seeks also to hold his employer, Rex T. Coffin, liable under the doctrine of respondeat superior. It appears that McKenna was an operator of a transit-mix concrete truck for Patton & Linton, Inc. and that the accident occurred while Rowe was helping him unload some ready-mix concrete for some construction being done by Coffin. Rowe and Coffin, along with General, are also defendants in this action.

Upon being sued in the state court, Coffin made a demand on his insurer, Travelers, to defend. Travelers tendered the defense to General, but General refused to defend. It is Travelers' contention that General is the sole insurer of Rowe; that it also extends coverage to Coffin; and that its policy is "excess" insurance. General contends, among other things, that by virtue of the cross-employee clause in its policy, Rowe is excluded from coverage, or, at the very least, Travelers has a concurrent contributing liability with General.

In answering plaintiff's complaint here, defendant Coffin also filed a cross-complaint demanding that Travelers defend and, in addition, praying for reasonable attorney fees for defending this action. Defendant Rowe did not answer and his default has been duly entered. .

This controversy was submitted to the Court on a stipulation of the parties and their briefs. Having fully considered the

same, this Court is of the opinion that the duty to defend the action in the state court rests on the insurer of the alleged tortfeasor Rowe and that his sole insurer is the General Casualty Company of America.

■ By his state court action McKenna seeks to hold Travelers' insured, Coffin, liable as the employer of the alleged negligent employee Rowe. If liability is established, then, according to the weight of authority, Coffin could recoup his losses from his negligent employee. Continental Cas. Co. v. Phoenix Const. Co., 1956, 46 Cal.2d 423, 296 P.2d 801, 57 A.L.R.2d 914; Pacific Employers Ins. Co. v. Hartford Acc. & Ind. Co., 9 Cir., 1955, 228 F.2d 365. While it appears that the Supreme Court of the State of Idaho has not had the opportunity to pass on the question, this Court believes that if this issue were presented the Supreme Court of Idaho would adopt the majority view and allow such recoupment. It follows that if the employer may so recoup his losses then his insurer may subrogate and collect from his employee or the employee's insurer. Pacific Employers Ins. Co. v. Hartford Acc. & Ind. Co., supra; Canadian Indemnity Co. v. United States F. & G. Co., 9 Cir. 1954, 213 F.2d 658; Travelers Insurance Co. v. American Fidelity & Cas. Co., D.C.Minn.1958, 164 F.Supp. 393. The reason for this rule is obvious. It prevents a multiplicity of suits and holds the insurer liable who by a circuity of actions would eventually be obligated to pay any judgment rendered against an employer resulting from the negligence of his employee. The conclusion is then inescapable that the insurer ultimately liable should be obligated to defend in the first instance.

■ The insurer ultimately liable here is General. The Court finds that Travelers' policy provides coverage for Coffin, but not for his employee Rowe. Rowe is neither the named insured nor does he come within the definition of insured as set forth in Travelers' policy. General's policy, however, does provide coverage

for Rowe. In its definition of insured the policy encompasses "any person while using an automobile owned or hired by the named insured or spouse and any person or organization legally responsible for the use thereof provided the actual use is with the permission of the named insured." The term "using" within this standard omnibus clause is now more liberally construed by the courts. See Travelers Insurance Co. v. American Fidelity & Cas. Co., D.C.Minn.1958, 164 F. Supp. 393; United States Fidelity & Guaranty Co. v. Church, D.C.N.D.Cal. 1952, 107 F.Supp. 683. The courts generally consider the natural purpose or function of the vehicle in question to determine if the activities of the person involved constituted "using" an automobile. Here the vehicle involved was a transit-mix concrete truck owned by Patton & Linton, Inc., General's named insured. McKenna was injured while it was being unloaded, an essential function of this truck. He was being assisted by Coffin's employee, Rowe. Rowe's assistance was desired, if not expected, in view of the fact that Patton & Linton, Inc., had dispatched only one employee to deliver and unload the cement when it is evident that two persons were necessary to achieve the desired result. Rowe was thus a user of the truck in assisting in its unloading process. That such use was not with the permission of the named insured is not forcefully argued by General. The requisite permission may be implied from the prior conduct of the named insured and his employee in permitting, if not expecting, Rowe and others to help with the unloading, as he and other carpenters had previously done on numerous occasions, and their failure to object thereto. United States Fidelity & Guaranty Co. v. Church, supra.

■■ In view of the Court's findings that Rowe was a "user" of the transit-mix truck and an insured within the provisions of the omnibus clause of General's policy, Coffin, his employer and the person legally responsible for the said

"use", is likewise insured by General within the terms of said clause. United States Fidelity & Guaranty Co. v. Church, D.C.N.D.Cal.1952, 107 F.Supp. 683, 688. Coffin is therefore doubly insured, being also the named insured in Travelers' policy. However, this Court is of the opinion that Coffin's defense should not be imposed on Travelers when the ultimate liability, if any, rests solely with General. Both policies contain "other insurance" provisions. General's, in effect, states that if any other insurance is *available* there is no insurance afforded under its policy. Since any loss will ultimately fall on General as the sole insurer of the alleged tortfeasor Rowe, then there is no other insurance available here and General is obligated to defend both Rowe and Coffin. Travelers' policy specifically provides that its coverage is excess with respect to losses arising out of the use of non-owned automobiles. The loss which may arise here clearly comes within this provision and Travelers therefore is not obligated to defend Coffin. Inasmuch as the damages sought by McKenna in the state court action do not exceed the limits of either policy there is no problem of excess coverage.

 The Court's findings likewise exclude General's contentions which are premised on the assumption that McKenna was, in effect, an employee of Coffin, and that the vehicle involved was a "hired automobile". General's contention predicated on the technical defense of notice is also without merit. Although neither Rowe nor Coffin notified General no prejudice is shown since General was put on notice by the demand made by Travelers.

In accordance with the foregoing, it is the opinion of this Court that the duty and obligation to defend and pay any judgment that may result from the state court action rests with General; that Travelers is not obligated to so defend; and that by reason thereof the relief prayed for in defendant Coffin's cross-complaint must be denied.

Counsel for the plaintiff shall prepare Findings of Fact, Conclusions of Law and a proposed Judgment, serve copies of the same on counsel for the defendant, and submit the originals to the Court.