The AETNA CASUALTY AND SURETY
COMPANY, a corporation, (Jessie Lee
Crosslin, Intervenor), Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, a
corporation, Defendant.

Civ. A. No. 9913.

United States District Court
N. D. Alabama, S. D.

July 31, 1962.

George W. Yancey, London, Yancey, Clark & Allen, Birmingham, Ala., for plaintiff and intervenor.

Douglas P. Corretti, Corretti & Newsom and Marvin Williams, Jr., Birmingham, Ala., for defendant.

GROOMS, District Judge.

This is a complaint under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201, by The Aetna Casualty and Surety Company, a corporation (hereinafter referred to as Aetna), against Allstate Insurance Company, a corporation (hereinafter referred to as Allstate), with Jessie Lee Crosslin, as intervenor.

## FINDINGS OF FACTS

1. Prior to September 27, 1960, plaintiff Aetna issued its policy to Dixie Grain Company, Inc., of Shelbyville, Tennessee, protecting that insured against liability for personal injuries and property damage for and on account of the operation of a trailer vehicle owned by Dixie.

2. Also prior to said date, the defendant Allstate issued its policy of insurance to R. L. S. Trucking Company, Inc., a corporation, protecting that insured against like claims on account of the operation of a Mack tractor.

3. The Mack tractor was owned by R. L. S. and was under lease by it to Dixie and had been so leased for more than a year. Originally the lease was in writing but prior to September 27, 1960, the tractor was being operated under a verbal lease which, among other things, provided that Dixie would insure itself against liability for the operation of the tractor and would be reimbursed by R. L. S. on periodic billings for premiums thus expended.

4. On September 27, 1960, while the tractor and trailer were being used by Jessie Lee Crosslin, an employee of Dixie, they were involved in an accident. Crosslin had transported a load of broiler feed from the Dixie Grain Company's place of business at Shelbyville, Tennessee, to the Dixie Home Feed Stores, a branch of Dixie Grain Company, at Cullman, Alabama. After unloading the trailer and while returning and at a point near Cullman the accident referred to occurred.

5. Dixie reported the accident immediately to Aetna which conducted an investigation through an independent adjuster. The first written report that Allstate received was from Crosslin on February 9, 1961. It also received a written report from Dixie on February 12, 1961. On February 15, 1961, Allstate wrote Dixie and Crosslin disclaiming coverage under its policy.

6. Prior to February 8, 1961, Aetna, insurer for Dixie and Crosslin, settled two claims arising out of the accident for the sum of $5,543.80. These settlements were made without notice to or authorization of Allstate.

7. Subsequent to the receipt of the written notices to Allstate, Aetna settled six lawsuits growing out of the accident paying the sum of $50,000 with court costs of $280.62. These settlements were made with full knowledge and consent of Allstate as to the reasonableness thereof.

8. Dixie was not operating under any permit of the Interstate Commerce Commission or of Alabama Public Service Commission, or of the Tennessee Public Service Commission. Commodities which it hauled were its own and were exempt under the rules and regulations of those bodies.

9. William M. Turner is in the general insurance business in Shelbyville, Tennessee, and writes insurance covering both Dixie and R. L. S. However, he was not an agent for Allstate, and brokered the insurance through Markell Service, Inc. Mr. Turner was an Aetna agent. After the accident, he told the Aetna representative that he did not report the loss to Markell or Allstate because he did not think it was covered.

10. The premiums on the R. L. S. policy were reported on a gross receipts

basis and no gross receipts were ever reported to Mr. Turner on the tractor involved. R. L. S. did not keep a record of receipts on leased vehicles. The Aetna policy issued to Dixie was on a fixed premium monthly payment basis.

11. Allstate Policy Endorsement No. 2 styled "Receipts Basis—Truckmen" provides in pertinent part as follows:

"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability, for Property Damage Liability and for Automobile Medical Payments applies with respect to all owned and hired automobiles of the commercial type, subject to the following provisions:

"1. *Definition of Insured.* As respects such insurance, Insuring Agreement 'Definition of Insured' is replaced by the following:

"With respect to the insurance for Bodily Injury Liability and for Property Damage Liability the unqualified word 'insured' includes the named insured and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person or organization other than the named insured does not apply:

"(a) except with respect to an employee of the named insured, to any person or organization, or to any agent or employee thereof, engaged in the business of transporting property by automobile for the named insured or for others (1) unless the accident occurs while such automobile is being used exclusively in the business of the named insured and over a route the named insured is authorized to serve by federal or public authority, or (2) if such person or organization so engaged

is subject to the security requirements to any motor carrier law and satisfies any such requirements by any means other than automobile liability insurance, or (3) if such person or organization so engaged is insured under an automobile liability insurance policy which affords coverage for automobiles hired by such person or organization but which does not insure on a direct primary basis the owners of such automobiles and the agents and employees of such owners, while such automobiles are being used exclusively in the business of such person or organization and over a route such person or organization is authorized to serve by federal or public authority. * * *

"(d) with respect to any hired automobile, to the owner or any lessee of such automobile, or to any agent or employee of such owner or lessee, if the accident occurs (1) while such automobile is not being used exclusively in the business of the named insured and over a route the named insured is authorized to serve by federal or public authority, or (2) after arrival of the automobile at its destination under a single-trip contract which does not provide in writing for the return trip of the automobile: * * *."

12. Both the Aetna and the Allstate policies contain "Other Insurance" provisions providing for proration, and also contain excess insurance provisions. The Aetna and the Allstate excess provisions are a part of the other insurance provisions of each policy and are respectively as follows:

"* * * the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance."

" * * * with respect to any automobile of the commercial type while leased or loaned to any person or organization, other than the named insured, engaged in the business of transporting property by automobile *for others,* the insurance shall be excess insurance over any other valid and collectible insurance."

13. The Allstate policy contains a trailer exclusion[1] but its words do not read on the facts of this case.

14. The Aetna policy under "Definition of Insured" in pertinent part provides:

"The unqualified word 'Insured' includes the named Insured and also includes (1) * * * and (2) under Coverages A and B, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named Insured or with his permission, * *. The insurance with respect to any person or organization other than the named Insured does not apply under division (2) of this insuring agreement.

"(a) with respect to an automobile while used with any trailer owned or hired by the Insured and not covered by like insurance in the Company; or with respect to a trailer while used with any automobile owned or hired by the Insured and not covered by like insurance in the Company: * * *

"(d) with respect to any hired automobile, to the owner, or a lessee thereof other than the named Insured, or to any agent or employee of such owner or lessee * * *."

15. Each policy contains a subrogation provision.

16. The Allstate policy contains a "Notice of Accident" clause, providing that "when an accident occurs written notice shall be given * * * as soon as practicable."

## CONCLUSIONS OF LAW

Based upon the foregoing findings of facts, the Court concludes that:

1. It has jurisdiction of the subject matter and the parties to this action.

2. Since at the time of the accident Dixie was using the vehicles involved to transport its own property and was not transporting property "for others," Dixie and its driver Crosslin were not excluded as omnibus insureds under the Allstate policy by subsection (a) thereof, and need not resort to qualifying under subdivisions (1), (2) and (3) of said subsection.

The Court of Appeals for the Fifth Circuit, in American Fidelity and Casualty Company v. United States Fidelity and Guaranty Company, 305 F.2d 633, decided July 6, 1962, was concerned with almost the identical question of coverage here involved. The policy provision there involved is identical to that set out in Finding 11, except the word "if" is employed instead of "unless" immediately following the figure (1) in subsection (a) of "Definition of Insured."

The Court set out the contentions of the parties and followed those of United States Fidelity and Guaranty Company wherein it was stated in part:

" 'The clause in question refers to two named parties, the named insured and such person or organization as might be an additional insured, and the use of the phrase "for others," by common definition and usage could not refer to the two named parties. * * * If the phrase "for others" was intended by A. F. & C. to encompass the permissive user's own property then the term is ambiguous and A. F. & C., as drafter of the policy, is caught by the rule that

---

1. "(c) under Coverages A and B, while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company."

ambiguous policies are construed most strongly against the insurer.' "

Following which the Court said:

"If the argument of A. F. & C. be accepted, then the broad coverage of any person using the automobile with the permission of the named insured is rendered practically meaningless by the subsequent exclusionary provisions. The language employed in those exclusionary provisions—e. g., 'engaged in the business of transporting property by automobile for the named insured or for others * * * over a route the named insured is authorized to serve by federal or public authority, * * * over a route such person or organization is authorized to serve by federal or public authority'—has obvious reference to a common carrier or to a regulated contract carrier, and is not applicable to the situation of Latham transporting property of his employer, Bryan Brothers. We have examined the cases relied on by A. F. & C., and we find nothing in any of them to support its contention. We agree with the district court that U.S.F. & G. has the right of the argument."

3. The excess insurance proviso of the "Other Insurance" provision of the Allstate policy, being conditioned upon the transportation of property "for others," is without application, since the vehicles involved, as above noted, were being used to transport Dixie's own property and not property "for others," as the words "for others" are construed in American Fidelity and Casualty Company v. United States Fidelity and Guaranty Company.

4. The excess insurance proviso of the Other Insurance" provision of the Aetna policy is applicable. American Fidelity and Casualty Company v. United States Fidelity and Guaranty Company.

5. The subrogation provision of the Aetna policy is applicable in view of the fact that Aetna is subrogated to the rights of its insured, Dixie, to the latter's claim against Crosslin. American Fidelity and Casualty Company v. United States Fidelity & Guaranty Company.

6. The subrogation provision of the Allstate policy is not applicable. Since its insured, R. L. S., is without liability on account of the accident, there is no claim of the latter to which Allstate can be subrogated. If has no right of subrogation against its own omnibus insureds, Crosslin and Dixie.

7. As herein shown, Crosslin is not covered by Aetna's policy by virtue of the provision denying insurance "with respect to any person * * * other than the named insured * * * (a) * * * with respect to a trailer while used with an automobile [2] owned or hired by the insured and not covered by like insurance in the Company." The trailer was used by Crosslin with a tractor hired by Dixie and the tractor was not covered by like insurance in the Company (Aetna), and Crosslin, not being a named insured, is therefore excluded from coverage under the Aetna policy. If it be validly contended that the word "insured" as used in the quoted subsection (a), with respect to *a trailer used with a tractor owned or hired,* includes Crosslin, so that the exclusion would be inapplicable to him, then as to him the excess insurance proviso of the "Other Insurance" provision of the Aetna policy would apply in view of the fact that the loss arose out of the use by Crosslin of a tractor, and trailer not owned by him; and if it be validly further contended that Crosslin is not excluded by the first clause of subsection (a) providing that as to a person other than the named insured, the insurance does not apply with respect to *a tractor while used with a trailer owned or hired* by the insured and not covered by like insurance in the Company, likewise as to Crosslin the excess insurance proviso would for the same reason apply;

2. An "automobile" as defined in the policy means "a land motor vehicle or trailer." (See Condition 3.)

as to either case the fact being established that Crosslin did not own or hire either tractor or trailer.

■ 8. Crosslin being an additional insured under the Allstate policy and not an insured under the Aetna policy, the "Other Insurance" provision of the Allstate policy providing for proration is not applicable, the policies not covering Crosslin as a common risk under both policies. Canadian Indemnity Co. v. United States Fidelity and Guaranty Co., 9 Cir., 213 F.2d 658. On the other hand, if Crosslin is covered as a common risk by both policies, then Aetna's excess insurance provision is applicable; Allstate's is not, and the liability becomes that of Allstate.

■ 9. The trailer exclusion of the Allstate policy is without application under the facts of this case.

■ 10. The Allstate policy is a Tennessee contract, and the construction of the provision regarding the giving of a written notice of accident "as soon as practicable" is governed by the laws of that state. Under the law of that state, an insured is excused from the requirement of giving such notice until he has knowledge of the existence of the policy which affords him protection where the lack of knowledge is without his negligence or fault. Spradlin v. Columbia Insurance Company of New York, 34 Tenn. App. 17, 232 S.W.2d 605, quoted by the Supreme Court of Tennessee with approval in Munal Clinic v. Applegate, 38 Tenn.App. 280, 273 S.W.2d 712, 716. See National Surety Corp. v. Wells, 5 Cir., 287 F.2d 102, where case is cited as authority in footnote 9.

Neither Dixie nor Crosslin knew that there was Allstate coverage as to them, and the evidence does not reveal that they were negligent or at fault in not possessing such knowledge. Under the evidence, notice was given by them "as soon as practicable," as that term is employed in the policy.

The Court is entreated to hold that the defendant has failed to establish prejudice by the delay in giving notice. However, the Tennessee authorities are not as clear as they might be respecting that matter, and in view of the court's ruling as to lack of knowledge of the existence of coverage, it will forbear from an attempt to state the Tennessee rule as to the necessity for a showing of prejudice.

From the foregoing findings and conclusions and based upon the authorities [3] referred to, plaintiff is entitled to the relief prayed for. Intervenor is likewise entitled to relief.

3. See also, Travelers Ins. Co. v. General Casualty Co., E.D.Idaho, 187 F.Supp. 234; and American Surety Co. of New York v. Canal Ins. Co., 4 Cir., 258 F.2d 934.