Harold A. MILLER and State Automobile and Casualty Underwriters, by Automobile Underwriters, Inc., Attorney in Fact, Plaintiffs,

v.

NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY, a corporation, and Betty M. Armstrong, Defendants.

Civ. No. 4471.

United States District Court, D. North Dakota, Southeastern Division.

Dec. 16, 1971.

Norman J. Backes, of Huseby & Backes, Fargo, N. D., and J. P. Dosland, of Dosland, Dosland & Nordhougen, Moorhead, Minn., for plaintiff Harold A. Miller.

Mart R. Vogel and C. Nicholas Vogel, of Wattam, Vogel, Vogel & Peterson, Fargo, N. D., for plaintiff State Automobile & Casualty Underwriters, Inc.

James D. Cahill, of Garrity, Cahill, Gunhus, Streed & Grinnell, Moorhead, Minn., and Harold A. Halgrimson, Fargo, N. D., for defendant National Farmers Union Property & Casualty Co.

Norman G. Tenneson and Lawrence A. Leclerc, Jr., of Tenneson, Serkland, Lundberg & Erickson, Fargo, N. D., for defendant Betty M. Armstrong.

## MEMORANDUM

RONALD N. DAVIES, District Judge.

This is a declaratory judgment action which, in essence, seeks to have determined the respective obligations of two insurance carriers for the liability of the driver of a borrowed truck involved in an accident which caused serious injuries to the defendant Betty Armstrong and the death of her husband.

The record discloses that prior to May 30, 1969, the date of the accident, Harold A. Miller, operating in North Dakota pursuant to a permit issued by the State Public Service Commission, was engaged in bulk milk hauling which consisted of picking up milk at specified farms for delivery to a local creamery for processing.

During the latter part of May, 1969, one of his trucks broke down and, until it could be repaired, he borrowed a similar vehicle from Barney's Transport, Inc., a company also engaged in the bulk milk hauling business. It had been the custom of the parties to interchange vehicles on a temporary basis whenever a truck of one or the other broke down. The only obligation incurred by the borrower for the use of the truck was to reciprocate to the lender if the need arose.

In effect at the time were the liability policy issued to Miller by the plaintiff State Automobile and Casualty Underwriters (State Automobile) and the liability policy issued to Barney's Transport, Inc., by the defendant National Farmers Union Property and Casualty Company (National).

The pertinent provisions of the State Automobile policy provided that:

"I Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any

person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

\* \* \* \* \* \*

"IV Automobile Defined, Trailers, Private Passenger Automobile, Two or More Automobiles, Including Automatic Insurance.

"(a) \* \* \*

"(3) Temporary Substitute Automobile—under coverages A, B and division 1 of coverage C, an automobile now owned by the named insured or his spouse if a resident of the same household, while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction; \* \* \*"

but restricted the coverage by further providing that:

"20. Other Insurance—Coverages A, B, D, E, F, G, H, I and J. If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, under coverages A and B the insurance with respect to temporary substitute automobiles under Insuring Agreement IV or other automobiles under Insuring Agreement V shall be excess insurance over any other valid and collectible insurance."

Admitting its policy extended coverage to Miller, State Automobile contends that, under Section 20, if other insurance covered the loss its policy would provide excess coverage only.

Turning then to the National policy, its pertinent provisions provided:

"II. PERSONS INSURED

"Each of the following is an insured under this insurance to the extent set forth below:

"(a) the named insured;

"(b) \* \* \*

"(c) any other person while using an owned automobile \* \* \* with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, \* \* \*."

It would appear then, that Miller was an additional insured under the persons insured clause of National's policy as one " \* \* \* using an owned automobile with the permission of the named insured \* \* \* within the scope of such permission, \* \* \* ". But attached to the policy is a "Long Haul Truckmen"[1] endorsement which provides, in part:

"It is agreed that the insurance applies with respect to the automobile described above or designated in the policy as subject to this endorsement, subject to the following additional provisions:

"(a) \* \* \*

"(b) Except with respect to the named insured or an employee thereof, but subject otherwise to the 'Persons Insured' provision, the insurance does not cover as an insured any person or organization, or any agent or employee thereof, engaged in the business of transporting property by automobile for the named insured or for others under any of the following conditions:

"(1) if the bodily injury or property damage occurs while such automobile is not being used exclusively

---

1. While the evidence is conflicting as to whether or not National had properly filed this endorsement with the Insurance Departments of Minnesota and North Dakota, it was sufficient to warrant a finding that the necessary filings had been made. In any event, this case does not involve the effect of failure to comply with the respective states' filing requirements which are necessary for the protection of the public. Rather, we are concerned with responsibility as between two insurance carriers.

in the business of the named insured and over a route the named insured is authorized to serve by federal or public authority, but this limitation shall not apply to an automobile while en route, at the request of the named insured, to engage in such exclusive use and not transporting property for others; or

"(c) * * *

"(d) With respect to any automobile of the commercial type while leased or loaned to any person or organization, other than the named insured, engaged in the business of transporting property by automobile for others, or any hired private passenger automobile, the insurance under this endorsement shall be excess insurance over any other valid and collectible insurance available to the insured. Otherwise, the insurance under this endorsement is primary insurance."

It is this endorsement which National contends excludes Miller as an additional insured while State Automobile takes the position that the phrase, "but subject otherwise to the 'Persons Insured' provision," makes the terms of the persons insured clause paramount to or control the exclusions which follow, thereby making the exclusions contained in the endorsement inapplicable to Miller.

It is State Automobile's position that is untenable. As was held in American Fidelity & Cas. Co. v. United States F. & G. Co., 305 F.2d 633 (5th Cir. 1962), wherein the court accepted the contention of U.S.F. & G. that:

" 'Obviously, the classes of permissive users sought to be excluded by the A. F. & C. are common carriers and contract carriers for hire such as are required to hold Interstate Commerce Commission (federal) permits or intrastate carriers who are required to hold state or municipal permits and the rationale of excluding publicly enfranchised carriers may be that A.F. & C.

did not wish to have the provisions of such enfranchising statute or ordinance "written into its policy" thereby possibly altering its coverage, its limits, or its ability to cancel without notice to the licensing body. Furthermore, public carriers are generally well insured and excluding them from omnibus coverage substantially reduces the risk without decreasing the competitively required omnibus coverage for all other permissive users who may or may not be insured.' "

Operating under a permit issued by a state authority, Miller is of the very class sought to be excluded by National's Long Haul Truckmen endorsement. Aetna Casualty & Surety Co. v. Allstate Insurance Co., 228 F.Supp. 219 (N.D.A. 1962).

Lastly, Section (d) would apply only if Miller were not excluded from coverage under the endorsement.

Miller not being an insured under the National policy, State Automobile is the sole and primary insurer of the loss occasioned by the accident of May 30, 1969.